# HENRY S. HISS *vs.* MAYOR AND CITY COUNCIL OF BALTIMORE.

*Taxation of Real Estate in the Annexed District of Baltimore City.*

The Act of 1888, chap. 98, by which certain territory was annexed to Baltimore City, provided that until the year 1900 the rate of taxation on property within the annexed territory should not exceed the then existing county tax rate, and that then from and after the year 1900 the property, real and personal, within the said territory should be liable to taxation and assessment in the same manner as similar property within the city limits, provided, however, that the county rate of taxation shall not be increased on any landed property within the said territory until streets shall have been opened and constructed through the same, nor until there shall be upon every block of ground so to be formed at least six dwellings or store-houses ready for occupancy. The Act of 1902, chap. 130, directed that this reference to streets shall be construed to mean until streets or alleys shall have been opened, graded and otherwise improved from kerb to kerb by pavement, whether such property be improved or unimproved. The plaintiff was the owner of a lot of ground in the annexed district situated in a block bounded on all sides by streets fully paved in 1900. The block contains two dwellings, two churches, a cobbler's shop, a factory and a shed, but the plaintiff alleged that since it did not contain six dwellings or store-houses, it was not liable to the city rate of taxation. *Held,* that the property in this block is not landed property within the meaning of either the Annexation Act of 1888 or the Act of 1902, chap. 130, but is improved city property, similar to other property within the old city limits, and is liable to the city rate of taxation.

Appeal from the Circuit Court of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*John E. Semmes* (with whom was *S. Tagart Steele* on the brief), for the appellant.

*Edgar Allan Poe* (with whom was *W. Cabell Bruce* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a bill for an injunction to restrain the Mayor and City Council of Baltimore from levying and collecting taxes for municipal purposes for the year 1905, at a rate in excess of sixty cents per $100 of the assessed value thereof, on certain property situate in that part of Baltimore City formerly Baltimore County, which was annexed to the city, under the Act of 1888, ch. 98.

A demurrer to the bill was sustained and the bill dismissed by the Court below, upon the ground that the property in question was not landed property within the meaning of chap. 130 of the Acts of 1902, but was liable to taxation, at the full city rate after 1900, under sec. 19, ch. 98 of the Acts of 1888.

There are two questions thus presented by the record and the decision of them will depend upon the construction to be given to sec. 19 of the Acts of 1888, ch. 98, known as the Annexation Act, and chapter 130 of the Acts of 1902. It will be seen that sec. 19 of the Acts of 1888, provides in part that from and after the year 1900 the property real and personal, in the territory so annexed, shall be liable to taxation and assessment therefor in the same manner and form as similar property within the present limits of the city, may be liable, provided, however, that after the year 1900, the present Baltimore County rate of taxation shall not be increased for city purposes on any landed property within the territory, until avenues, streets or alleys shall have been opened and constructed through the same, nor until there shall be upon every block of ground so to be formed, at least six dwellings or store-houses ready for occupation.

And by ch. 131 of the Acts of 1902, sec. 4A, was added to the Code of Public Local Laws and it was provided as follows: "Landed property," property shall be construed to mean real estate whether in fee-simple or leasehold and whether improved or unimproved until avenues, streets or alleys shall have been opened and constructed shall be construed to mean until avenues, streets or alleys shall have been opened, graded,

kerbed and otherwise improved from kerb to kerb by pave-
ment, macadam, gravel or other substantial material; the
words "avenues," "streets" and "alleys," being used inter-
changeably; block of ground shall be construed to mean an
area of ground not exceeding two hundred thousand super-
ficial square feet, formed and bounded on all sides by inter-
secting avenues, streets or alleys opened, graded, kerbed and
otherwise improved from kerb to kerb by pavement, macadam,
gravel or other substantial material, as above provided.

It is admitted that the property involved in this controversy
is located within the limits of the territory annexed to the city
of Baltimore under what is called the Annexation Act of
1888, and is situate in a block of ground bounded on the
south by North avenue, on the east by St. Paul street, on the
north by Twentieth street and on the west by Charles street;
and that the block so bounded contains one hundred and
twenty thousand superficial square feet or thereabouts.    The
bill avers that there is located within the block the following
buildings and improvements, towit:  One dwelling-house at the
northeast corner of Charles street and North avenue, a fee-
simple lot, improved by a one-story factory, fronting on North
avenue and extending back to Twentieth street, the property
of the appellant, at the northwest corner of St. Paul street
and North avenue, the Immanuel Baptist Church; at the
southwest corner of St. Paul and Twentieth street there is
another church, the rear portion is used and occupied as a
parsonage; fronting on Charles street is a one-story, one-room
wooden shanty, sixteen feet by ten, occupied by a cobbler as
a workshop; between North avenue and Twentieth street there
is a three-story dwelling-house owned by the American Ice
Company and at the southeast corner of Twentieth and
Charles streets there is a lot improved by a shed, used for
protecting wood and lumber from rain.

The bill further avers that the block of ground is sur-
rounded by streets, avenues, etc., paved, macadamized, etc.,
or otherwise improved, and inasmuch as it does not, nor ever
did contain six dwellings or store-houses within its boundaries

he is not liable to pay taxes for city purposes at a higher or greater rate than 60c. per $100 of the assessed value of the property.

It is clear, we think from the facts of this case, that the property in question, is not landed property, within the meaning of either the "Foutz Act," or the proviso in sec. 19 of the Annexation Act of 1888. It is improved city property; similar to other property within the old city limits and by the express terms of the Act, "from and after the year 1900, the property real and personal, in the territory annexed, shall be liable to taxation and assessment, in the same manner and form as similar property within the present limits of the city may be liable.

In *Sindall* v. *Balto. City*, 93 Md. 534, this Court held that the term "landed property," as used in the section and in the proviso, meant rural property as contradistinguished from real estate which for all practical purposes was city property because actually laid out in city lots on which dwellings were constructed that abutted on proposed or projected streets or subsisting highways to be converted into regular graded streets or avenues. By the Act of 1902, ch. 130, landed property was construed to mean real estate, whether in fee-simple or leasehold and whether improved or unimproved.

We fully agree with the contention of the appellee as stated in its brief, that this latter Act was passed to prevent property which was in no sense city property from being subject to the full city tax rate until certain things were done by the city. It certainly was never intended to affect property which at the time of its passage was not only not landed property but not even suburban property, but in the fullest sense of the term city property, bounded by the streets, and enjoying every advantage and facility that attaches to similar property, within the old city limits.

To sustain the appellants contention in this case, would not only give to the Act of 1902, chap. 130, a retroactive effect, but would practically annul and destroy the meaning of the words "similar property" in sec. 19, ch. 68 of the Annexation

Act of ·1888. *Brooks* v. *Chilton*, 71 Md. 445; *M. and C. of Balto.* v. *Rosenthal*, 102 Md. 298.

We, therefore, hold in this case, that the property in controversy is not landed property, within the Act of 1902, but it. is improved city property and is liable to taxation according to the provisions of sec. 19 of chap. 98 of the Act of 1888, "as similar property within the limits of the city."

The decree of the Circuit Court of Baltimore City, dated the 19th day of February, 1906, sustaining the demurrer and dismissing the plaintiff's bill will· be affirmed.

*Decree affirmed with·costs.*

(Decided June 15th, 1906.)