# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 6, 1907.

---

### GEORGE H. SCHAEFFER
### VS.
### THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*J. J. McNamara* for plaintiff.
*Edgar Allan Poe* for defendant.

ELLIOTT, J.—

The present cause illustrates one of the apparently many possible to arise in the attempt to bring the territory annexed to the City of Baltimore since the Act of 1888, commonly known as the Annexation Act, under the full city rate. The question here involved is simple enough, but its solution is not so easy or plain as to be disposed of without some thought, or so clear as not to need some explanation.

Of course, the full city rate must be charged, unless the exemption is perfectly plain, and we must resort to the provisions of the law as it now stands. I shall endeavor, therefore, to combine the Act of 1888 with the Act of 1902, commonly known as the "Foutz Act," the latter being designed as it was to explain and qualify the former act. I shall only quote the provision which limits the right of the city of Baltimore to impose the full rate of taxation upon the annexed district. It reads thus: "Provided, however, that

after the year 1900, the Baltimore county rate of taxation for the year 1887 shall not be increased for city purposes or any landed property," by which is meant "real estate, whether in fee simple or leasehold, and whether improved or unimproved," within the said territory, "until avenues, streets or alleys shall have been opened and constructed through the same," which means "until avenues, streets, or alleys shall have been opened, graded, curbed and otherwise improved from curb to curb by pavement, macadam, gravel or other substantial material, nor until there shall be upon every block of ground so to be formed," by which block of ground is meant "an area of ground not exceeding two hundred thousand superficial square feet, formed and bounded on all sides by intersecting avenues, streets or alleys opened, graded, curbed and otherwise improved from curb to curb by pavement, macadam, gravel or other substantial material as above provided, at least six dwelling or store houses ready for occupation." By these provisions of law I understand to be meant that the real estate located in the Belt and annexed to the city of Baltimore by the Act of 1888, is not liable to be taxed for city purposes at full city rates, unless and until said real estate is divided by means of bounding and intersecting avenues, streets or alleys which shall be opened, graded and improved from side to side by some substantial material, into two blocks not exceeding in area two hundred thousand superficial square feet. And such construction seems to be justified by the decision of the Court of Appeals in the case of Baltimore City vs. Rosenthal, 102 Md., 300-302.

I do not deem the case of Hiss vs. Baltimore City, 103 Md., 620, at all in conflict. It is to be noted that the Court of Appeals on page 622 of their opinion say: "It is clear, we think, from the facts in this case, that the property in question is not landed property, within the meaning of either the "Foutz Act" or the provision in Section 19 of the Annexation Act of 1888. It is improved city property, similar to other property within the old city limits, and in the express terms of the Act from and after the year 1900, the property, real and personal, in the territory annexed, shall be liable to taxation and assessment in the same manner and form, as similar property within the present limits of the city may be liable."

The Hiss property was located in a block bounded by regularly paved city streets, and containing considerably less than two hundred thousand superficial square feet of area. And, as it, the Court of Appeals suggests, was property similar in all respects to regular city property, and therefore taxable under Section 19 of the Act of 1888.

The Hiss case does, however, decide that when the property is similar in all respects to regular city property there need not be six dwellings or store houses ready for occupancy in the block, and the question is now raised as to whether or not that provision in the original Act of 1888, has not been practically repealed by the "Foutz Act," which evidently was intended to differentiate between strictly rural property on the one hand, and that suburban property on the other, which by reason of the opening of avenues, streets and alleys, and the consequent division into blocks of not more than two hundred thousand square feet of superficial area had become in all respects "similar property" to that within the old city limits. This question I believe the Court of Appeals will, if presented to them, answer in the affirmative.

I am, however, unable to see how, by any decision that has been so far made, the property of the plaintiff can be subjected to the full city rate. The property is located in a triangular block of ground bounded on one side by the Frederick Turnpike, a toll road, on another by the Old Frederick road, and on the third side by Loudon avenue, an unpaved road. The area of the block is largely in excess of the two hundred thousand square feet of superficial area which is named in the Act of 1902. It seems therefore to comply with none of the specifications of the "Foutz Act," except that there are more than six houses in the block. That is not, however, a distinguishing, and perhaps, not an essential feature.

The city of Baltimore has apparently done little or nothing to change the surroundings of this property since annexation, and there are no equities calling loudly for the relief of the former.

I feel myself constrained to grant the relief prayer for, and I will sign a decree to that effect.