## THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* RICHARD A. HARRIS ET AL.

*Taxation of Real Estate in Territory Annexed to Baltimore City.*

Under the Acts of 1888, Ch. 98, and 1902, Ch. 130, relating to the taxation of real estate in the territory annexed to Baltimore City under the former Act, an area of ground partly improved and bounded by streets graded and paved, the area containing 200,660 superficial square feet, was not subject to taxation at the full city rate for the year 1908, but was taxable at the suburban rate prescribed by those Acts for a block of ground containing more than 200,000 square feet.

*Decided April 20th, 1910.*

Appeal from the Circuit Court of Baltimore City (HARLAN, C. J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Edgar Allan Poe, City Solicitor,* for the appellant.

*Charles E. Ecker,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 3rd day of December. 1908, in the Circuit Court of Baltimore City by the plaintiffs, owners of certain real and leasehold property assessed in their names on the tax books of Baltimore City, for an injunction against the defendants, the Mayor and City Council of Baltimore, and Frank Brown, its collector, restraining and enjoining them from collecting for taxes for municipal purposes for the year 1908 any other or greater sum than the rate of sixty cents on the one hundred dollars of the assessed value of the property.

The prayer of the bill was granted by the Court below and the defendants have appealed.

It appears from the record that the property is situate in that part of Baltimore City known as the annex, and under the provisions of the Act of 1888, Ch. 98, as amended by the Act of 1902, that all the properties had been classified for the years, 1903, 1904, 1905, 1906 and 1907, at the suburban rate of sixty cents on the hundred dollars of the assessed value for city purposes, but for the year 1908, it was classified at the full city rate of two dollars on the one hundred dollars of the assessed value.

It further appears from an agreed statement of facts filed in the case that all of said property is situated in an area of ground bounded by Linden avenue, Ducatel street, Bolton avenue (now called Brookfield avenue) and Whitelock street as therein alleged; that the area bounded by these streets and avenues contains 200,660 superficial square feet; that Linden avenue and Ducatel street have been opened, graded, curbed and paved for several years; that Whitelock street was opened, graded, paved and curbed in July, 1907; that Bolton avenue (now Broofield avenue) from Ducatel to Whitelock street is a private street, paved with cobble stones and curbed.

And it also appears from the plat filed in the case that a part of the area of ground is improved and part unimproved, and it is admitted that the property is situate in a block of

ground containing 200,660 superficial square feet, the same being 660 superficial square feet in excess of the number of superficial square feet fixed and prescribed by the Act of 1902, Chapter 130, to subject the property in this block to be taxed at the full city rate.

The single question in the case is whether the block of ground here in dispute has reached the stage of development prescribed by the statute to be brought within the class of property to be taxed at the full city rate, and the answer to this question, we think, will be found in the Acts of 1888 and 1902, *supra,* and in the construction and interpretation of those Acts by recent decisions of this Court.

In *Sams* v. *Fisher,* 106 Md. 167, it is said: "The Legislature has defined the class of annex property which shall be liable to the full city rate, and when it reaches the standard of development required by the statute it becomes the duty of the Appeal Tax Court to so list, classify or adjust the property upon the tax books in order that it may be liable to the proper tax. In other words, the Legislature has said that the property in the Annex should be exempt from the payment of taxes at the full city rate for a definite period, but after the year 1900, and when it has sustained a certain stage of development, it should be taxed at the full city rate. When therefore property in the annex reaches the prescribed development, it falls within the class of property the Legislature clearly meant should pay the city rate."

The Act of 1902, Chapter 130, declares what shall be considered "landed property," within sec. 19, Chapter 98, of the Acts of 1888, and distinctly provides, that " ' block of ground' shall be construed to mean an area of ground not exceeding two hundred thousand superficial square feet, formed and bounded on all sides by intersecting avenues, streets or alleys, opened, graded, kerbed and otherwise improved from kerb to kerb by pavement, macadam, gravel or other substantial material. *Sindall* v. *Balto. City,* 93 Md. 534; *Sams* v. *Fisher,* 106 Md. 155; *Hiss.* v. *Balto. City,* 103 Md. 621.

While it is conceded that the property in controversy is situate in a block of ground containing 660 superficial square feet in excess of the 200,000 square feet clearly prescribed by the statute, it is urged upon the part of the appellant that this slight excess should be disregarded and ignored by us, and the provision of the statute waived in favor of the city.

We have examined this contention in the light of the facts set out in the record and can find no valid reason, why the Court should waive the plain provision of the statute, or disturb the rule' established by this Court in its previous decisions, in the Annex Tax cases.

In *Baltimore City* v. *Gail,* 106 Md. 686, we said, that these two Acts, have been considered by this Court in a number of cases, but in none of them has the Court evinced the slightest purpose to weaken the force or narrow the scope of their provisions. In all cases to which they are applicable both the city and the taxpayers of the annex will be held to a compliance with their requirements. The Act of 1888, Chapter 98, as amended by the Act of 1902, Chapter 130, prescribes the condition under which the full city rate may be imposed, and it can only be imposed upon the conditions therein expressed. It would be not only a hardship upon the taxpayer of the annex to impose that rate upon other and different conditions, but to do so would be an unwarranted exercise of the taxing power of the city.' "

*Gail's case,* was cited by this Court, in the recent case of *Mayor and City Council of Baltimore et al.* v. *Knell et al.,* 111 Md. 583, decided on the 17th of November, 1909, and we there further said: "The block not being subject to the full city rate, there was no authority in the Court to carve out certain portions of it and impose the full rate merely because the owners of certain parts of the block had paved, in the manner shown by the evidence, certain private alleys for the convenience of their lots. Such a construction would produce a condition which the Legislature could never have contemplated." *Baltimore City* v. *Schafer,* 107 Md. 38.

But apart from this, it would be exceedingly dangerous, where the law is specific and definite, as in this case, and the amount of the superficial square feet fixed by the statute is certain and definite, for the Courts to ignore and to waive the plain provision of the statute, as urged here. It would practically make uncertain that which the statute, and the decisions of this Court, have settled and made certain. And as stated by the appellees in their brief, "if the city is entitled to have this provision waived in its favor, why should not the taxpayers have a similar and like privilege."

It would be difficult to fix a limitation, that would not vary and defeat the very object and purpose of the statute.

We, therefore, hold that the property situate in the block of ground set out in the record in this case, was not subject under the statute to the payment of the full city rate for the year 1908, but was liable for the sixty cent rate for city taxes, with interest from July 1st, 1908.

The order of the Circuit Court of Baltimore City, passed on the 5th day of January, 1910, so holding, will be affirmed.

*Order affirmed, with costs.*