THE PEOPLE *ex rel.* Thomas B. Carrell, County Collector, Appellee, *vs.* WILLIAM J. BELL *et al.* Appellants.

*Opinion filed December 15, 1908.*

1. TAXES—*oil and gas lease comes within term "mining right."* A lease of unlimited duration granting the right to enter upon land and prospect for oil and gas, drill wells, erect structures, lay pipes, etc., is a lease of a "mining right," within the meaning of sections 6 and 7 of the Mines act, relating to the taxation of mining rights separately from the fee, and as such lease involves a freehold it should be assessed as real property, separately from the fee.

2. SAME—*mining right defined.* A mining right is a right to excavate in the earth for the purpose of obtaining minerals or other useful products, and includes the right to take petroleum from the earth.

APPEAL from the County Court of Cumberland county; the Hon. A. L. RUFFNER, Judge, presiding.

GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellants:

The authority to tax is derived from the statute, and the thing or class of things to be taxed must be specifically mentioned in any enactment for the purpose of taxation, and if not so mentioned it is not taxable.

There is no statute in this State which authorizes the taxation of an oil or gas lease or the oil or gas underlying a tract of land. Sections 6 and 7 of the Mines act have no application to the taxation of minerals, except when the right or title to minerals in place has been severed from the right or title to the remainder of the land, and has become vested in a person other than the one having the right or title to the remainder of the land.

Said sections 6 and 7 were passed by the legislature in 1861, long before the discovery of oil or gas in this State, and the purpose of the enactment of said sections was manifestly to tax bodies of iron, coal, lead, copper and other minerals in place when the title or right to the same had

been conveyed to parties other than the owner of the surface, and the legislature could not have contemplated at that time the taxation of an oil and gas lease or the oil and gas underlying a tract of land.

If general words follow an enumeration of particular cases, such general words are held to apply only to cases of the same kind as those which are expressly mentioned. *Shirk* v. *People,* 121 Ill. 61; *Weber* v. *Chicago,* 148 id. 313; *In the matter of Swigert,* 119 id. 83; *Cecil* v. *Green,* 161 id. 265.

The conveyance of coal in place, beneath the surface, does not include iron pyrites. *Smoot* v. *Coal Co.* 114 Ill. App. 512.

A reservation of "all minerals" in a deed does not include petroleum. *Dunham* v. *Kirkpatrick,* 101 Pa. St. 36.

Section 4 of the Revenue act contemplates a severance of the minerals from the surface, and has no application to an oil and gas lease.

Oil and gas while in the earth, unlike solid minerals, are not the subject of ownership distinct from the soil, and a grant of the oil and gas, therefore, is a grant, not of the oil that is in the ground, but of such a part thereof as the grantee may find, and passes nothing which can be the subject of an ejectment or other real action. *Oil Co.* v. *Shipman,* 233 Ill. 9.

A grant of oil and gas on certain land is a grant of such oil and gas as the grantee may find there, and he is not vested with any estate in the oil or gas until it is actually found, since, on account of their wandering nature and of their liability to be withdrawn to other lands, they are not subject to absolute ownership. *Poe* v. *Ulrey,* 233 Ill. 56.

Grants of exclusive rights to mine for and produce oil, though it be a mineral, is not a sale of the oil that may afterwards be discovered. When oil has been discovered under such a grant, it is the grantee's right to produce it and sever it from the soil. So much as is thus severed belongs

to the parties entitled to it under the terms of the grant, and not as any part of the real estate but as a chattel, and only so much as is produced and severed passes under the grant. *Kelly* v. *Keys,* 213 Pa. St. 295.

Oil and gas leases are regarded as of a character so intangible and fleeting as not to constitute property liable to taxation. *Rawlins* v. *Armell,* 70 Kan. 778; *Dickey* v. *Brick Co.* 69 id. 106; *Gas Co.* v. *Board,* 89 Pac. Rep. 750; *State* v. *Oil Co.* 42 W. Va. 80; *Kitchen* v. *Smith,* 101 Pa. St. 452; *Jones* v. *Wood,* 54 Ohio St. 627; *Carter* v. *Tyler County,* 45 W. Va. 806.

WALTER BREWER, State's Attorney, for appellee:

The rule of *ejusdem generis* is by no means a rule of universal application, and its use is to carry out,—not to defeat,—the legislative intent. When it can be seen that the particular word by which the general word is followed was inserted, not to give a coloring to the general word, but for a distinct object, then, to carry out the purposes of the statute, the general word ought to govern. *State* v. *Broderick,* 7 Mo. App. 19; *Swift & Co.* v. *Rennard,* 119 Ill. App. 173; *Coal Co.* v. *Sapp,* 133 id. 98.

Statutes should be construed so that no clause, sentence or word shall be deemed superfluous. *Hunt* v. *Railway Co.* 121 Ill. 644; *Cairo* v. *Coleman,* 53 Ill. App. 689.

A mining right is a right to enter upon and occupy land for the purpose of working it, either by underground excavations or open workings, to obtain from it the minerals or ores which may be deposited therein. By implication the grant of such a right carries with it whatever is incidental to it and necessary to its beneficial enjoyment. 5 Words and Phrases, 4652.

Oil and gas are minerals and so classed, and while in the rock and sand *in situ* are a part and portion of the realty, and are embraced in the comprehensive idea which the law attaches to the word "land." *Wilson* v. *Youst,* 43 W. Va.

826; *Funk* v. *Haldeman,* 53 Pa. 248; *Stoughton's Appeal,* 88 id. 201; *Blakely* v. *Marshall,* 174 id. 429; *State* v. *Oil Co.* 42 W. Va. 81.

Oil is a mineral and a part of the realty, and, like coal *in situ,* forms part of the land. Whenever a conveyance is made of it, whether such conveyance be called a lease or deed, it is, in effect, the grant of part of the *corpus* of the estate, and not a mere incorporeal right. *Wilson* v. *Youst,* 43 W. Va. 834; *Funk* v. *Haldeman,* 53 Pa. St. 229; *Williamson* v. *Jones,* 39 W. Va. 231; *Wolfe County* v. *Beckett,* 105 S. W. Rep. 448.

The surface of the land and the mineral beneath it may be dissevered in title and become separate tenements, and in case of such severance the mineral becomes a separate corporeal hereditament, and its ownership is attached with all the incidents peculiar to the ownership of land, and the surface may be held in fee and taxed to one person and the mineral held in fee and taxed to another person. *Major* v. *Pavey,* 134 Ill. 19; *Ames* v. *Ames,* 160 id. 599; *Coal Co.* v. *Lloyd,* 176 id. 275; *Caldwell* v. *Fulton,* 31 Pa. 475; *Caldwell* v. *Copeland,* 37 id. 427; *Sanderson* v. *Scranton City,* 105 id. 469; *Lillibridge* v. *Coal Co.* 143 id. 299; *Stoughton's Appeal,* 88 Pa. St. 201.

The law is well settled in this State as to a severance, by deed or lease, of the coal mining right from the remainder of the realty, and also as to the separate taxation of the estate in the mining right and in the fee simple of the surface. And the same rule applies to mining rights in oil lands. *Caldwell* v. *Copeland,* 37 Pa. St. 427; *Major* v. *Pavey,* 134 Ill. 19; *Coal Co.* v. *Baker,* 135 id. 545; *Sholl* v. *People,* 194 id. 24; *In re Coal Co.* 213 id. 283.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of sale entered in the county court of Cumberland county for taxes levied on a mining right in eighty acres of land in that county. The

right is based on a certain instrument known as an oil and gas lease, dated October 27, 1905, signed by Charley M. and Rachel E. Queen, granting to one Priddy, his heirs, successors and assigns, in consideration of one dollar and the covenants of said lease, "all the oil and gas in and under the following described premises, together with the exclusive right to enter thereon at all times for the purpose of drilling and operating for oil, gas or water, and to erect, install and maintain all buildings and structures, machinery and appliances, and lay all pipes necessary for the production, storage and transportation of oil, gas or water upon and from said premises. Excepting and reserving, however, to the lessor the one-eighth ($\frac{1}{8}$) part of all oil produced and saved from said premises, to be delivered in the pipe line with which the lessee may connect his wells. * * * To have and to hold the above premises for the term of one year, and so long thereafter as oil or gas is found on said premises in paying quantities." The lease also contains provisions, among others, as to the payment of rent in case only gas is found or in case the well is not completed within sixty days. It appears from the stipulation of facts filed by the parties hereto in the trial court, that the lease had been duly assigned to and was owned by the Campbell Oil Company, the members of which are appellants herein, and that said company had drilled a well on said land which was then producing oil in paying quantities; also, that the owner of the fee had paid the taxes on the fee, amounting to $14.10.

Sections 6 and 7 of chapter 94, (Hurd's Stat. 1905, p. 1399,) in relation to taxing mining rights in this State, are as follows:

"Sec. 6. Any mining right, or the right to dig for or obtain iron, lead, copper, coal, or other mineral from land, may be conveyed by deed or lease, which may be acknowledged and recorded in the same manner and with like effect as deeds and leases of real estate.

"Sec. 7. When the owner of any land shall convey, by deed or lease, any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxable separately, and any sale of the land for any tax or assessment shall not include or affect such mining right."

Appellants contend that the term "other mineral," in said section 6, only includes such minerals as are *ejusdem generis* with iron, lead, copper and coal, and does not include oil and gas. They also contend that as this statute was passed in 1861, and as oil and gas had not at that time been the subject of legislation or court action, the legislature could not have intended those products to be included in the term "other mineral." We are unable to agree with these contentions. Section 6, above quoted, provides that "any mining right" may be conveyed by lease, and section 7 provides that when such mining right has been conveyed it shall be considered as so separated from the land that it is taxable separately. Does this oil lease properly come within the term "mining right?"

A mine is an excavation in the earth for the purpose of obtaining minerals; (2 Bouvier's Law Dict.—Rawle's ed.—413;) an excavation, properly under ground, for the purpose of taking out some useful product. (Standard Dict.) A mining right may properly be deemed a right to excavate in the earth for the purpose of obtaining minerals or other useful products. In some of the States petroleum forms a very valuable part of the natural wealth and has been given careful consideration by the courts, and they have uniformly held, so far as the authorities we have examined show, that it should be classed as a mineral. (*Appeal of Stoughton,* 88 Pa. St. 198; *Murray v. Allred,* 100 Tenn. 100; *Gill v. Weston,* 110 Pa. St. 312; *Williamson v. Jones,* 39 W. Va. 231; *Wilson v. Youst,* 43 id. 826; *Kelly v. Ohio Coal Co.* 49 N. E. Rep. (Ohio,) 399; *Blakely v. Marshall,* 174 Pa. St. 425; 2 Bouvier's Law Dict. 545.) The
237—22

case of *Dunham* v. *Kirkpatrick,* 101 Pa. St. 36, is cited by
appellants as tending to uphold the contrary view. While
it holds that the reservation of "other minerals" in a deed
did not include petroleum in that instance, it expressly states
"it is true that petroleum is a mineral; no discussion is
needed to prove that fact." This court has recently de-
cided that oil and gas are classed as minerals, though they
may have peculiar attributes not common to other minerals
which have a fixed and permanent situs. (*Poe* v. *Ulrey,*
233 Ill. 56; *Watford Oil and Gas Co.* v. *Shipman,* id. 9.)
It is true that when the statute above quoted was passed,
petroleum was not as extensive an article of commerce in
this State as it has since become. That, however, does not
exclude it from the act any more than it would gold, mica
or some other mineral that might be discovered. In *Gill*
v. *Weston, supra,* the same argument was advanced, and
the court there said: "It matters not that the act of 1855
was passed before petroleum was discovered. It is a min-
eral substance obtained from the earth by the process of
mining, and the land from which it is obtained may with
propriety be called mining land."

Manifestly, the mining right created by this lease is
property and should be taxed. Appellants have cited au-
thorities holding that it is not such a right that it can be
taxed as real estate. (*State* v. *South Penn Oil Co.* 42
W. Va. 80; *Kansas Natural Gas Co.* v. *Board of Commis-
sioners,* 89 Pac. Rep. (Kan.) 750; *Kitchen* v. *Smith,* 101
Pa. St. 452; *Jones* v. *Wood,* 54 Ohio St. 627.) Some
of these authorities tend to hold that it cannot be taxed at
all except as the oil or gas are taken from the land, and
then they must be taxed as personal property. It should
be noted that although the leases in those cases are substan-
tially like the one here in question, the statutes in those
States are quite different from the one here under consid-
eration. The West Virginia court holds, in the case just
cited from that State, that the lease does not convey a

freehold interest. This court has held, under provisions in a lease substantially like this, that it conveyed a freehold interest. (*Bruner* v. *Hicks*, 230 Ill. 536; *Poe* v. *Ulrey, supra.*) In discussing the above sections of the statute in *In re Major,* 134 Ill. 19, we have held that even though there was no evidence that coal existed under the land, whatever there was of coal or mineral underlying certain land was reserved by the conveyance there in question, and the lease could be taxed. Similar leases affecting rights as to coal have been held to so separate a mining right therein that it should be taxed separately. (*Consolidated Coal Co.* v. *Baker,* 135 Ill. 545; *Sholl Bros.* v. *People,* 194 id. 24; *In re Maplewood Coal Co.* 213 id. 283.) Oil and gas, like salt water and other liquids and gaseous bodies, are different in their action from solid minerals, such as coal and iron, and this difference might, under certain conditions, require the application of different rules as to solid minerals than as to liquid or gaseous ones. (*Watford Oil and Gas Co.* v. *Shipman, supra.*) But such is not the case here. Whatever may have been decided in other jurisdictions, it is clear under the decisions in this State that this lease conveys such a mining right in the land here in question that it can properly be taxed separately, and that as it involves a freehold it should be assessed as real property.

Appellants contend that the board of review improperly assessed the entire mining right to appellants. So far as the record discloses there is nothing to show that the board did not assess to appellants only what was considered the fair value of the mining right obtained by them under the lease. As to whether the one-eighth of oil reserved by the owners of the fee did, or should, cause the tax on the fee to be made higher is a question not raised on this record.

The judgment of the county court will be affirmed

*Judgment affirmed.*