# BALTIMORE CITY COURT.

Filed September 16, 1918.

GRAND FAMILY LAUNDRY
VS.
APPEAL TAX COMMISSION.

*Isaac Lobe Straus* for plaintiff.
*S. S. Field* and *R. Contee Rose* for defendant.

DUFFY, J.—

Among the enumerated powers of the Mayor and City Council is one to provide by general ordinance for the abatement of all taxes levied upon all personal property owned by any individual, firm or corporation in said city, including mechanical tools or implements, machinery, manufacturing apparatus or engines, raw material on hand, stock in trade, bills receivable and business credits, which said personal property shall be actually employed or used in the business of manufacturing in said city. See City Charter, p. 44, subsection C, being the Act of 1912, Ch. 32.

Pursuant to this authority an ordinance was passed, being No. 140, approved July 6, 1912. By it the Appeal Tax Court is authorized and directed upon application of any individual, firm or corporation actually engaged in the business of manufacturing articles of commerce in Baltimore City to abate all personal taxes which may be levied hereafter by authority of the Mayor and City Council of Baltimore upon any mechanical tools, implements, machinery or manufacturing apparatus owned by such individuals, firm or corporation and actually employed and used in the business of manufacturing articles of commerce in said city.

Subsequently the above-mentioned section of the City Charter was amended by the Act of 1916, Ch. 561, by adding to said section, and at the end thereof, the following language: "And provided further that laundry machinery when employed or used in the business of laundrying shall be classed as manufacturing within the purposes of this sub-paragraph."

The appellant in this case is a laundry company, and it claims that the Act of 1916 so operates on the Ordi-

nance of 1912 as to bring laundry companies within its scope, and that therefore it is entitled to have all taxes on its machinery for 1917 and subsequent years abated.

The abatement provided for in the ordinance and claimed on this appeal is an exemption from taxation to which all others are subject, who do not come within the provisions of the ordinance.

In construing the Act of 1916 and its application to the ordinance, we must keep in mind the well-recognized principle that every exemption from taxation must be strictly construed. The taxing power is never presumed to be surrendered, and, therefore, every suggestion that it has been relinquished must, to be efficacious, be distinctly supported by clear and unambiguous legislative enactment. To doubt is to deny an exemption. 109 Md. 275, Coulston vs. Baltimore City; McQuillan on Municipal Corporations, Sec. 2400.

While the contention of the learned counsel for the appellant is very plausible, nevertheless it is not clear that the legislative intent of the Act of 1916 was to so enlarge the ordinance of 1912 as to make laundry companies come within the exemption therein provided. The appellants contention can not, therefore, be upheld.

The assessment will be affirmed.