# MAYOR AND CITY COUNCIL OF HAVRE DE GRACE *vs.* THE HAVRE DE GRACE AND PERRYVILLE BRIDGE COMPANY.

*Exemption from Taxation—Shares of Corporate Stock— Act of Legislature.*

A legislative intention to grant exemption from taxation must be expressed in the clearest and most unambiguous language.                                    p. 495

A tax on the shares of stock in a corporation is a tax upon the owners of the shares and not upon the corporation, though the corporation, for the sake of convenience, pays the tax.

p. 496

An exemption of a corporation from the payment of taxes does not exempt the owners of shares of stock therein from the payment of taxes on the shares, although such taxes are, for the sake of convenience, paid by the corporation on behalf of the shareholders.                        pp. 495, 497

That prior legislation in regard to other bridges across the Susquehanna River, and in regard to the bridge of the Havre de Grace and Perryville Bridge Company, showed a legislative policy to exempt such bridges from taxation, would not justify a construction of the Act of 1908, amending the charter of said company, as involving an extension of the exemption therein granted beyond the plain terms of the grant.     p. 497

*Decided April 10th, 1924.*

Appeal from the Circuit Court for Harford County (HAR-LAN, J.).

Action by the Mayor and City Council of Havre de Grace against The Havre de Grace and Perryville Bridge Company, and Thomas H. Robinson and Michael H. Fahey, receivers of said company. From a judgment for defendants, plaintiff appeals. *Reversed.*

The cause was argued before THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*Frederick Lee Cobourn* and *John S. Young,* for the appellant.

*Stevenson A. Williams* and *Thomas H. Robinson,* with whom was *Fred. R. Williams* on the brief, for the appellees.

THOMAS, J., delivered the opinion of the Court.

This suit was brought on March 8th, 1923, in the Circuit Court for Harford County, by the Mayor and City Council of Havre de Grace against the Havre de Grace and Perryville Bridge Company, a corporation having its principal office in said city, to recover municipal taxes levied for the years 1920 and 1921 upon the owners of shares of the capital stock of said company, who resided in said city, or who were non-residents of the State of Maryland.

After the institution of the suit, the receivers for said company were, at their instance, made parties defendant, and filed a demurrer to the declaration on the ground that the company was exempt under chapter 535 of the Acts of 1908 from the payment of all county and municipal taxes. The court below overruled the demurrer because the act referred to was a private act to change the name and amend the charter of said company, of which the court could not take judicial notice, and that the proper way to raise the question of the exemption claimed under that act was by a plea setting up the act. Thereupon the receivers filed a plea alleging the exemption of the company from the payment of such taxes, and setting out the act in full. To this plea the plaintiff demurred, but the court overruled the demurrer, whereupon the plaintiff filed replications alleging (1) that the Act of 1908 had been repealed as to the exemptions contained therein by a public general law, and had not been in force for more than ten years. (2) That the Act of 1908 had, to the extent of said exemption, been repealed, and that, ever since the Act of 1914, Chapter 841, such taxes had been levied and,

with the exception of the taxes for the years 1920 and 1921, had been paid by said company without protest, and (3) that said Act of 1908, to the extent that it attempts to exempt said company from the payment of such taxes, is invalid because it does not comply with the requirements of section 29 of article 3 of the Constitution of Maryland. The defendant traversed these replications, and upon the issue joined the case was submitted to the court without a jury. The judgment being in favor of the defendant, the plaintiff has brought this appeal.

The only exception in the record is to the refusal of the court below to permit the plaintiff to prove that such taxes had been levied ever since the year 1914, and, except the taxes for the years 1920 and 1921, had been paid without protest.

It is apparent that the important question in the case is whether chapter 535 of the Acts of 1908 does exempt the appellee from the payment of the taxes sued for, which question the court below, in overruling the plaintiff's demurrer to the plea, determined in favor of the defendant.

The act is entitled "An act to change the name and amend the charter of the 'Havre de Grace and Perryville Bridge Company of Harford County,' a corporation formed under the General Laws of the State of Maryland." By section 1 the name of the corporation was changed to "The Havre de Grace and Perryville Bridge Company," and it was given "perpetual succession," power to sue and be sued, to make and adopt a constitution and by-laws and to amend the same, and all the powers granted to it by the general incorporation laws of the State. It further authorized it to "purchase, acquire, erect, maintain and operate" a bridge across the Susquehanna River, as set forth in its articles of incorporation," from the City of Havre de Grace, in Harford County, to the town of Perryville in Cecil County; to "issue as full paid up and non-assessable its stock or any increase or increases thereof in payment for land, bridge or bridges or other property at a valuation agreed upon," and to issue negotiable bonds and to secure the same by mortgage on its

property and franchises; and section 1 then provided that in case a sale was made under such mortgage, "the purchaser or purchasers thereunder, pursuant thereto, or his or their survivor, survivors, representatives or assigns may, together with associates, if any, form a new corporation, and it thereupon shall become vested with all the powers, property and franchises thereof owned and possessed by the said 'Havre de Grace and Perryville Bridge Company,' and a certificate of the formation of the said new corporation shall be made, executed, acknowledged and recorded as at present certificates of incorporation are directed to be made, executed, acknowledged and recorded by article 23 of the Code of Public General Laws of Maryland of 1904, and that said company is hereby exempted from the payment of any and all county and municipal taxes." Section 2 of the act expressly authorized the Havre de Grace and Perryville Bridge Company to acquire the railroad bridge between Havre de Grace and Perryville formerly used by the Philadelphia, Baltimore and Washington Railroad Company as part of its line, to re-construct or have said bridge re-constructed for use as a toll bridge and to operate and maintain the same, provided said tolls should not exceed the tolls the Conowingo Bridge Company was authorized by its charter, chapter 217 of the Acts of 1850, to demand. It also authorized said company to connect the ends of said bridge with the streets and public highways of Havre de Grace and Perryville, to erect toll houses, lodges for bridge keeper, and other buildings necessary for the operation of the bridge, and to acquire, by purchase or condemnation, property for the necessary approaches to the bridge from the public highways in Harford and Cecil Counties.

It was said in the case of *Appeal Tax Court* v. *Gill,* 50 Md. 377: "It is sufficient to say, the bonds assessed in this case do not come within the terms of the exemption; and it is an unyielding rule of law, that exemptions claimed under legislative acts, should be rigidly construed and established beyond reasonable doubt." In the case of *Sindall* v. *Baltimore City,* 93 Md. 529, CHIEF JUDGE McSHERRY, referring to the

act in that case, said: "Like every other exemption from taxation it must be strictly construed. The taxing power is never presumed to be surrendered, and therefore every assertion that it has been relinquished must, to be efficacious, be distinctly supported by clear and unambiguous legislative enactment. To doubt is to deny the exemption." This language of CHIEF JUDGE McSHERRY was repeated in *Coulston* v. *Baltimore,* 109 Md. 276, and again in *Broadbent Mantel Co.* v. *Baltimore,* 134 Md. 90, and in the case of *Balto., C. & A. Ry. Co.* v. *Wicomico County,* 103 Md. 284, 285, the rule was stated by JUDGE SCHMUCKER as follows: "The decisions of this Court and of the United States Supreme Court are alike emphatic in their statement of the sound rule of construction that the taxing power is so essential to the existence of government that it is never presumed to be relinquished unless the intent to relinquish is expressed in plain terms, or in the words of the Supreme Court, 'in the clearest and most unambiguous language'; and the ascertainment of the intent cannot be left to inference or implication. Every reasonable intendment must be made that it was not the design to surrender the power of taxation or to exempt any property from its due proportion of the burden of taxation."

That part of the Act of 1908 containing the exemption relied on follows immediately after the provision for the formation of a corporation by the purchasers of the property at a sale under the mortgage authorized by the act, but assuming that the exemption granted applied to the Havre de Grace and Perryville Bridge Company, as distinguished from the corporation to be formed by the purchasers of the property at a sale under said mortgage, the language of the act is, "and that said company is hereby exempted from the payment of any and all county and municipal taxes." The plain meaning of this language is that the *company* was to be exempt from all county and municipal taxes, and the obvious purpose and intention of the Legislature was to relieve the *company* from the burden of county and municipal taxes to which it would otherwise have been subject. To extend the exemption thus expressly limited to the *company*

to the owners of shares of capital stock of the company would be giving the act a construction not warranted by its terms and, therefore, contrary to the settled law of this State.

In *U. S. Elec. Power & Light Co.* v. *State,* 79 Md. 63, this Court said: "The taxable value of shares of capital stock is fixed by the State Tax Commissioner. He is required by the statutes to deduct from the aggregate value of all the shares of the capital stock of banks and other corporations the assessed value of the real estate owned by the company, and to divide the residuum by the number of the shares of the stock, and the quotient is declared to be the taxable value of each share for State purposes of taxation. Upon the valuation thus ascertained the State tax is levied. But the tax is not a tax upon the stock or upon the corporation, but upon the owners of the shares of stock, though the officers of the corporation are made the agents of the State for the collection of the State tax. * * * Those shares are property, and under existing laws are taxable property. They belong to the stockholders respectively and individually, and when for the sake of convenience in collecting the tax thereon, the corporation pays the State tax upon these shares into the State treasury, it pays the tax not upon the company's own property, nor for the company, but upon the property of each stockholder and for each stockholder respectively, by whom the company is entitled to be reimbursed. Hence when the owner of the shares is taxed on account of his ownership and the tax is paid for him by the company, the tax is not levied upon or collected from the corporation at all." In the case of *Hull* v. *Southern Development Company,* 89 Md. 8, this Court, in holding that the property owned by the corporation could not be levied on and sold under a distraint for the taxes due to a county on shares of the stock of the corporation, said: "this tax on the shares of stock is a tax not due by the corporation but by the individual who owns the stock. * * * If the tax on the shares of stock is a tax due by the shareholder, then it cannot be pretended that the corporation is in any way liable for its payment, except in so far as the statute directs

that it shall be collected from the corporation." The same principle was stated in *Wilkins* v. *Baltimore*, 103 Md. 293, and in the case of *Union Trust Company* v. *State*, 116 Md. 375, the Court said: "It has been repeatedly held by this Court that the tax upon the capital stock is not a tax upon the corporation, but upon the owners of that stock, the corporation being made the medium through which the tax is collected."

The appellee cites *Baltimore* v. *Balto. & O. R. R. Co.*, 6 Gill, 288, and *State* v. *Balto. Cemetery Co.*, 52 Md. 638, in support of the view that the exemption of a corporation from taxation is an exemption of the shares of its capital stock. In the first case the Court, construing the charter of the Balto. & O. Railroad Company, which provided, the Court said, that the shares of its capital stock should be "exempted from the imposition of any tax or burden," held that, in view of the history of the act, the Legislature intended to include in the exemption of the capital stock of the company the property of the company. In the second case referred to, what the Court decided was, that as the act provided that "the land of the company dedicated to the purposes of the cemetery shall not be subject to taxation of any kind," the shares of stock of the company were exempt to the extent that such land entered into the value of the stock. In the case at bar the act in question does not in terms exempt shares of the capital stock of the Bridge Company, as did the charter of the Balto. & O. Railroad Company, or a specified part of the property of the bridge company, like the act in reference to the cemetery company, but it simply exempts the *company* from county and municipal taxes. As the exemption is confined by the terms of the act to the *company*, it can only include such county and municipal taxes as might be levied upon the *company*.

The appellee also refers to legislation in regard to other bridges across the Susquehanna River, and to prior legislation in regard to the bridge of the appellant, as showing a legislative policy to exempt such bridges from taxation for the purpose of subserving the interest of the public. But

while the Act of 1908, amending the charter of the appellant, may have been passed in furtherance of the policy referred to, that fact would not justify such a construction of the act as would extend the exemption beyond the limit imposed by the plain terms of the grant.

It follows from what has been said that the court below erred in overruling the demurrer to the defendant's plea. In this view of the case, it becomes unnecessary to consider the other questions argued by counsel, or to dispose of the plaintiff's exception to the ruling on the evidence.

> *Judgment reversed, with costs, and a new trial awarded.*