James W. OHNING, Geneva Ohning, Betty L. Schultz, Quentin Stahl, Inc., Louis Cris Buck, Imolee June Buck, Dana S. Buck, Linda K. Buck, Jessie Memmer, Bertha Cooper, Shirley Higginson, Patricia Thompson, Plaintiffs–Appellants,

v.

BUCKSKIN COAL CORPORATION, the Unknown Shareholders of Buckskin Coal Corporation, the Unknown Husband, Wife, Widow, Widower, Heirs and Devisees of the Shareholders of Buckskin Coal Corporation, Mary McConnell, Treasurer of Gibson County, Indiana, Defendants–Appellees.

No. 26A01–8804–CV–00128.

Court of Appeals of Indiana, First District.

Sept. 21, 1988.

C.E. Oswald, Jr., Robert T. Bodkin, Bamberger, Foreman, Oswald & Hahn, Evansville, for plaintiffs-appellants.

Robert J. Fair, Fair & Nixon, Princeton, for defendants-appellees.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Landowners[1] appeal the trial court's judgment in favor of the Treasurer of Gib-

1. James W. Ohning, Geneva Ohning, Betty L.    Schultz, Quentin Stahl, Inc., Louis Cris Buck,

son County holding that the landowners' interests in the coal underlying their properties are subject to tax liens imposed for the unpaid taxes assessed against Buckskin Coal Corporation. We reverse.

### FACTS

This action was originally brought by the landowners for the purpose of quieting title to the coal underlying their properties. The mineral rights to this coal had been acquired by the Buckskin Coal Corporation on July 1, 1935. For at least 21 years prior to September 3, 1973, the interest of Buckskin Coal Corporation in the coal was unused and no one filed a statement of claim to the coal. On March 17, 1987, the court entered default judgment in favor of the landowners as to all parties except the Treasurer of Gibson County. Buckskin's interest in the coal was found to have lapsed as of September 3, 1972.[2]

Buckskin was assessed continuously for taxes with regard to the coal interest through March 17, 1987, when the county auditor was made aware that Buckskin's interest had lapsed. These taxes remain unpaid. The trial court held that the landowners' interests in the coal underlying their properties were subject to tax liens imposed for the unpaid taxes assessed against Buckskin for the ten years prior to March 1987.[3] From this judgment the landowners now appeal.

### ISSUE

Did the trial court err in upholding the validity of tax liens on the coal underlying the landowners' properties for the unpaid taxes assessed against Buckskin for a period of 10 years prior to the court's finding on March 17, 1987, that Buckskin's interest in the coal had lapsed?

### DISCUSSION AND DECISION

■ The landowners contend that the unpaid taxes assessed against Buckskin do not constitute liens against the landowners' titles to the coal underlying their properties. We agree. The parties to this action agree that I.C. 6–1.1–22–10 prohibits the Treasurer from instituting a suit to attempt to collect the taxes assessed prior to March 1977.[4] However, the Treasurer of Gibson County argues that the landowners' interests in the coal underlying their properties are subject to tax liens imposed for the taxes assessed subsequent to March 1977.

The Treasurer correctly notes that the mineral interests were severed from the surface ownership of the properties in 1935 and therefore were properly imposed with a separate tax assessment. Indiana Code section 6–1.1–1–15(4); *Riggs v. Bd. of Com'rs of the County of Sullivan* (1914), 181 Ind. 172, 178, 103 N.E. 1075, 1077. However, by virtue of the self-executing provisions of the Indiana Mineral Lapse Statute these separate interests were merged as of 1973. I.C. § 32–5–11–1 *et seq.; see, Short v. Texaco, Inc.* (1980), 273 Ind. 518, 406 N.E.2d 625, *aff'd* (1982), 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738. Therefore, as of 1973, the mineral and surface interest in the land should have been assessed together. *See, Bd. of Com'rs of the County of Greene v. Lattas Creek Coal Co.* (1913), 179 Ind. 212, 219, 100 N.E. 561, 563; 27 I.L.E. Taxation § 106 (1960).

■ The Treasurer further contends that the landowners had an affirmative duty to notify the auditor of the lapse. However, as stated in *McCoy v. Richards:*

"Indiana Code section 32–5–11–6 provides that, 'any person who will succeed

Imolee June Buck, Dana S. Buck, Linda K. Buck, Jessie Memmer, Bertha Cooper, Shirley Higginson and Patricia Thompson are the landowners.

2. See Indiana Code section 32–5–11–1 *et seq.*

3. Indiana Code section 6–1.1–22–13 provides that the lien for taxes, penalties, and costs continue for only a period of ten (10) years absent the institution of a proceeding to enforce the

lien. Therefore, any liens imposed due to unpaid taxes assessed prior to March 1977 are unenforceable.

4. While both parties discuss the liens in terms of post and pre–1973 assessments, the ten (10) year limitation imposed by I.C. 6–1.1–22–13 obviously prohibits the Treasurer from enforcing a lien for the taxes assessed from 1973 through 1977 despite the lapse in title.

to the ownership of a mineral interest, upon the lapse thereof, *may* give notice of the lapse ... (emphasis added).' As recognized by both Supreme Courts that section makes provision for, but does not require, that notice of the lapse be given to the interest owner. *Nothing in the statute requires the party to whom the interest will revert to take any other action to effectuate the lapse.*" (Emphasis added). (D.C.Ind.1984), 623 F.Supp. 1300, 1307–08, *aff'd* (7th Cir.1985), 771 F.2d 1108. When Buckskin's interest automatically lapsed in 1973, the landowners were under no duty to notify anyone of their reversionary interest; their titles to the minerals underlying their properties cannot be clouded by a failure to give notice when such notice is simply not required. Since the tax was inappropriately assessed, the tax cannot be collected based on that assessment. *See, Bd. of Com'rs of Sullivan County v. Heap* (1973), 155 Ind.App. 633, 637, 294 N.E.2d 182, 185, *trans. denied.* Therefore, the landowners' interests in the coal underlying their properties are not subject to tax liens imposed for the unpaid taxes assessed to Buckskin.

We are sympathetic to the unenviable position of tax authorities in this situation. The county tax auditor is responsible for maintaining a tax duplicate which reflects the ownership and assessed value of each parcel of real property. Indiana Code section 6–1.1–22–3. From the auditor's records, the county assessor must determine and assess those properties properly subject to assessment or reassessment. Indiana Code section 6–1.1–4–15. After an assessment is made, the county treasurer is responsible for collecting the taxes assessed. Indiana Code section 6–1.1–22–6. Because the notice provisions of I.C. § 32–5–11–6 are merely permissive, the auditor has no way of knowing when a title to mineral rights has lapsed and reverted to the surface owners, and therefore, has no

signal alerting him of the need to revise the tax duplicate accordingly.[5] Thus the mineral rights are continually assessed separately to the pre-lapse owner. The records under which the treasurer attempts collection indicate that the pre-lapse owner is delinquent and therefore a lien is imposed which, unbeknowst to the treasurer, is unlawful.

As has been noted on prior occasion, "the statute [Indiana Mineral Lapse Statute] is, at best, inartfully drawn and in some respects raises more questions than it answers." *McCoy* 623 F.Supp. at 1309. Nonetheless, we are bound by its provisions insofar as we are able to discern their meaning. In the present case the permissive notice provision meted out a harsh result. The landowners are the recipients of a 14 year reprieve from paying taxes on the increased value of their land and the treasurer is prevented from recouping the greater balance of these unpaid taxes on behalf of the county.[6] This is the result dictated by the statutory authority applicable to this case; it is inappropriate for this court to act as a super-legislature and revise the statute to comport with our own concepts of fairness and equity. Therefore, we are compelled to reverse the trial court and hold that the liens imposed against the coal underlying the landowners' properties for the unpaid taxes assessed to Buckskin Coal Corporation are void.

REVERSED.

ROBERTSON and BUCHANAN, JJ., concur.

---

5. Similar statutes in other states have alleviated this problem by making the notice provisions mandatory. *See* Wis.Stat.Ann. § 706.057 (West. Supp.1987).

6. We note that under Indiana Code section 6–1.1–9–1 *et seq.,* the county auditor may cause the landowners' properties to be assessed for the amount those properties were undervalued. However, Indiana Code section 6–1.1–9–4 limits such recovery to the three (3) years prior to the institution of such proceedings.