## THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY v. ZEHNER.

[No. 3,678. Filed January 16, 1902.]

APPEAL AND ERROR.—*Law of Case.*—*Theory.*—Where the theory of a complaint was the same as in a former trial in which judgment was rendered in favor of plaintiff, and the Appellate Court reversed the judgment, the law announced upon the former appeal is the law of the case, and the case cannot be taken from the operation of the doctrine announced in the former appeal by an attempt to change the theory thereof in brief of counsel for appellee. *pp. 229-231.*

SAME.—*Failure of Proof.*—*Waters and Water Courses.*—*Prescription.*—Where plaintiff's right of recovery in an action for damages for loss of water power depended upon his establishment of title by user for twenty years, a general verdict for plaintiff will be reversed where the evidence and answers to interrogatories conclusively show that plaintiff's user was not for more than fifteen years. *pp. 231, 232.*

From Marshall Circuit Court; *A. C. Capron*, Judge.

Action by William Zehner against the Terre Haute and Indianapolis Railroad Company, for damages for destruction of water power. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. G. Williams*, for appellant.

*C. Kellison* and *S. Parker*, for appellee.

HENLEY, J.—This was an action by William Zehner, the appellee, against the Terre Haute & Indianapolis Railroad Company, appellant, to recover damages for the loss of a water power which Zehner claimed to own, and which it was alleged, appellant by its wrongful acts, had to a large extent destroyed.

The original complaint was filed in 1893. After being amended an answer in two paragraphs was filed, the first being a general denial and the second setting up that the acts complained of were lawfully done by appellant under its statutory powers as a railroad company. The reply to this second paragraph of answer was a general denial. A

trial of the cause resulted in a judgment against appellant, from which an appeal was taken to the Appellate Court. On January 21, 1896, this judgment was reversed by the Appellate Court for error of the Marshall Circuit Court in overruling the motion for a new trial. *Terre Haute, etc., R. Co.* v. *Zehner*, 15 Ind. App. 273.

A new trial having been granted in the court below, pursuant to the decision of the Appellate Court, on the 15th day of April, 1897, it was ordered that, the original papers and pleadings having been lost or destroyed by fire, the parties should file substituted pleadings; and thereupon, a substituted amended complaint, a substituted answer and a substituted reply were filed. This substituted amended complaint is an exact copy of the complaint set forth in the former opinion of the Appellate Court, except that it alleges the wrongs complained of to have been committed by the appellant in October, 1890, instead of October 1891; and except that the use of water drawn through "a culvert or culverts," instead of through a single culvert, is alleged. The substituted answer was in two paragraphs, the first being a general denial. None of the questions discussed arise upon the second paragraph of answer or the general denial filed as a reply thereto, and no further reference is made to them. A second trial of the case was had before a jury. At the request of each party, interrogatories were submitted to the jury. On April 29, 1897, the jury returned a verdict for the appellee, assessing his damages at $3,875, and also returned answers to the interrogatories submitted to them. A motion by the appellant for a *venire de novo* was overruled; also a motion by the appellant for judgment on the answers to the interrogatories, notwithstanding the general verdict. Afterward appellant filed its motion and reasons for a new trial. This motion was overruled.

It is assigned as error in this court: "(1) The court below erred in overruling the appellant's motion for judgment on

the answers to interrogatories, notwithstanding the general verdict. (2) The court below erred in overruling the appellant's motion for a new trial."

We think this court decided every question involved in the present appeal in *Terre Haute, etc., R. Co.* v. *Zehner*, 15 Ind. App. 273. It was there said: "Before the appellee can recover damages of the appellant, he must make it appear: (1) That he is entitled to the use of the water on the east side of the embankment. (2) That he has a right to draw the water through a culvert in the embankment. (3) That appellant has deprived the appellee of the enjoyment of such right in whole or in part." The law as announced by the court in *Terre Haute, etc., R. Co.* v. *Zehner, supra,* is the law of this case, and even if the doctrine there announced be radically wrong we are not at liberty to change it. The theory of the complaint is in both instances the same. The theory of the appellee upon the trial was the same in both trials, and it is this which makes the law announced upon the former appeal apply to and settle every question here raised. Counsel for the appellee can not now take the case from the operation of the doctrine announced in the former appeal by attempting in their brief to change the theory of the complaint. The case must stand or fall upon the theory upon which the complaint proceeds. *Chicago, etc., R. Co.* v. *Bills*, 104 Ind. 13, and cases cited.

The first and third propositions, which this court said upon the former appeal the appellee must establish, are established by the evidence. The second proposition held to be equally vital to the appellee's recovery has not, under the allegations of the appellee's complaint, been established. Under the complaint appellee's right to take water through the culvert constructed by him is based exclusively upon a prescriptive right. He is not complaining that the natural flow of the water through its natural channel has been obstructed to his damage, nor is he claiming under a grant of right of any kind which appellant has invaded. Referring

to the culvert constructed by the appellee the obstruction of which is the basis of the appellee's claim for damage, his complaint says: "And that plaintiff asserted and maintained said culvert at the depth to which it was originally constructed by him, as aforesaid, under claim of right, adversely, openly, notoriously, continuously, and uninterruptedly for more than twenty years prior to the ———— day of October 1890, when it was filled up and obstructed by the defendant company as herein set forth." Without the above allegations, the complaint would have been bad. Such is the reasoning upon the former appeal. The general verdict necessarily found that appellee maintained this culvert under claim of right, adversely, openly, notoriously, continuously, and uninterruptedly for more than twenty years prior to October, 1890.

The evidence and the answers to interrogatories both conclusively show that the culvert in question was not built until 1875, and in no event could have been so used by appellee for·more than fifteen years prior to 1890. And as we view the matter, this court held in *Terre Haute, etc., R. Co.* v. *Zehner*, 15 Ind. App. 273, at pages 283, 284, that the title by prescription claimed by appellee in the culvert could not be acquired in the public highway. If appellee's complaint was based upon the charge that appellant had filled up the natural channel of the stream connecting the two lakes, and obstructed or diverted the natural flow of the water to the damage of appellee, a different question would arise. While it clearly appears by the answers to the interrogatories returned by the jury with the general verdict that appellee has failed to establish a material allegation of his complaint, we think substantial justice will be best subserved by the granting of a new trial in this cause.

The judgment is, therefore, reversed, with instructions to the trial court to sustain appellant's motion for a new trial.