# TERRE HAUTE & INDIANAPOLIS RAILROAD COMPANY v. ZEHNER.

[No. 20,613. Filed November 28, 1905. Rehearing denied February 20, 1906.]

1. HIGHWAYS.—*Easements.*—In the appropriation of lands for highway purposes the public secures only an easement—the right to use the surface for all legitimate purposes of travel, and the incidental right to keep the same in good condition. p. 154.

2. ESTATES.—*Highways.—Proprietary Rights.*—All special proprietary rights in the soil in and under a public highway belong to the owner of the lands and not to the public, and such owner may use such land as he chooses so long as he does not obstruct the use of the highway. p. 155.

3. EASEMENTS.—*Waters.—Damming.—Highways.*—The erection of a dam to back the water through a culvert under a highway and overflow lands of upper proprietors, where not interfering with the use of the highway, is of no legal concern to the public and violates none of its rights. p. 156.

4. SAME. — *Waters. — Damming. — Prescription.*—A prescriptive right to dam waters and overflow an upper proprietor may be gained by twenty years' adverse and uninterrupted user. p. 157.

5. JUDGMENT.—*Res Judicata.*—*Appeal and Error.*—*Law of the Case.*—Where the Appellate Court twice held good appellee's complaint for damages for the infringement of his prescriptive right to flow waters through a culvert under a public highway, but reversed his judgments for want of evidence, the question of his right to damages for such infringement is not *res judicata* against appellee. p. 157.

6. EASEMENTS.—*Flowage of Waters.*—*Prescription.*—*Highways.* —Where plaintiff shows that he erected a dam to overflow upper proprietors, backing the waters through a culvert constructed by him under a public highway, and used such dam adversely and uninterruptedly for such purpose more than twenty years, he has established a prescriptive right to such use. p. 160.

7. LIMITATION OF ACTIONS.—*Amended Complaint.*—*When Applicable.*—An amended complaint ordinarily has relation to the time of the filing of the original complaint, and an answer of the statute of limitations will be considered as relating to such date. p. 160.

8. SAME.—*Amended Complaint.*—*New Cause of Action.*—*Test.*— Where a recovery on an additional or amended paragraph of complaint would be a bar to a recovery on the original, the statute of limitations can not defeat same if it could not defeat the original. p. 161.

9. TRIAL.—*Theory.*—*Objections.*—*Appeal and Error.*—Where defendant questions the plaintiff's theory of his cause and saves exceptions, because of such alleged wrong theory, throughout the different stages of the cause, an affirmance, on appeal, of plaintiff's theory renders useless a decision on such alleged subsequent errors. p. 161.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by William Zehner against the Terre Haute & Indianapolis Railroad Company. From a judgment on a verdict for plaintiff for $4,000, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*John G. Williams* and *D. P. Williams,* for appellant. *Charles Kellison,* for appellee.

HADLEY, J.—A chain of three lakes in Marshall county extends generally east and west for a distance of about three and one-half miles. The chain has Lawrence lake

on the east, Meyers lake in the center, and Cook lake on the west. The water flow of all is to the west. Lawrence flows into Meyers, and Meyers into Cook, through narrow natural thoroughfares through which water perpetually flows from east to west, and all have a natural, common outlet at the west end of Cook. Each of said thoroughfares is crossed by a highway, the one between Lawrence and Meyers is known as "Lawrence crossing," and the one between Meyers and Cook as "Twin lakes crossing." About 1845 appellee's grantors, being the owners of the fee of the lands, raised a dam, that had been previously constructed across the general outlet of said lakes, at the west end of Cook lake, from nine feet to a height of thirteen feet, to furnish power for milling purposes. The raising of the dam set the water back over Cook lake, and through the thoroughfare at Twin lakes crossing into Meyers lake, thereby submerging additional lands along the margin of said lakes, owned in part by appellee's grantors, and in part by others, the fee of the real estate embracing Twin lakes thoroughfare, during all the time covered by these events, being in Elizabeth Witwer and her grantors. Shortly after the dam was raised the public highway referred to, running north and south, was constructed over Twin lakes thoroughfare. The crossing was effected by raising an embankment of earth a few feet above the water, and in the original construction a culvert four feet wide was put in near the south shore, which was a high bank, to enable the water from Meyers lake to run through into Cook lake. This culvert being liable to fill with silt, or washings from the shore, in 1866 appellee constructed in the highway enbankment, fifty to sixty feet north of the old one and above the center of the thoroughfare, another culvert of the same size and for the same purpose as the first one. These culverts kept the state of the water east and west of the highway embankment substantially the same. In

1883 the Terre Haute & Logansport Railway Company, in constructing a railway from Logansport to South Bend, traversed Twin lake crossing, over the highway embankment above described, on a trestle several feet higher than the embankment, the right to do so being secured by the construction of another embankment for the highway a short distance to the east. In making the new embankment the railroad company put in a culvert about the center of the thoroughfare and equal in dimensions to both those in the old embankment. The trestle supporting the railroad track over the old way did not interfere with the flowage of the water through the culverts in the old embankment. In 1890 appellant, having acquired the rights of the Terre Haute & Logansport Railway Company, without authority from appellee, filled up said trestle with dirt, and made a large and high embankment of earth from shore to shore, of said crossing, filling and destroying both of said culverts, and completely separating and damming the waters of Meyers lake, except so much thereof as will pass through a thirty-inch, iron pipe placed under the railroad, which amounts to a very small part of the whole, and whereby appellee's water-power is greatly diminished and rendered almost worthless.

This action was commenced in 1891 to recover damages for the loss of water-power which appellee claims to own, and alleges appellant wrongfully destroyed by filling up said culvert. Appellee affirms the right to flow and overflow the lands upon which the highway embankment was located, and also that the right to draw water through said culverts had been acquired by him and his grantors by open, adverse, notorious, continuous, and uninterrupted user for more than twenty years before the commission of the grievance complained of under claim of right against the owners of the land.

A complaint in a single paragraph counting on a right by prescription was held good by the Appellate Court on

appeal, and a judgment in favor of appellee reversed because not sustained by sufficient evidence. See *Terre Haute, etc., R. Co.* v. *Zehner* (1896), 15 Ind. App. 273. The case was again tried on the same complaint, slightly amended, which resulted in a verdict and judgment for appellee, which judgment was also reversed by the Appellate Court, on appeal, for insufficiency of evidence, and the cause was remanded for a new trial. See *Terre Haute, etc., R. Co.* v. *Zehner* (1902), 28 Ind. App. 229. The answers to the complaint were: (1) A general denial; (2) statutory authority to destroy the culvert. Upon the second return of the case to the Marshall Circuit Court appellee was permitted to and did on April 19, 1902, file two additional paragraphs of complaint, numbered two and three. The second counts on a prescriptive right to draw water through a culvert in a natural watercourse and a prescriptive right to draw water through a culvert built by him in a public highway, and seeks to recover damages for injury to his water-power caused by appellant's destruction of said culverts in 1890.

The third paragraph claims the right to the flow of water through a natural channel having well-defined banks and bed, and seeks to recover damage to his water-power because appellant in 1890 wrongfully filled up said channel, including the culverts therein, and stopped the flowage of the water to his mill. To each of these additional paragraphs of complaint a separate demurrer for insufficiency of facts was filed and overruled, and then there was filed an answer of general denial, and the six-year statute of limitations. Demurrers were overruled to the latter answers, and replies filed to the effect that the second and third additional paragraphs of complaint embodied and stated, in different legal form, the same cause of action that is stated in the first paragraph of complaint. Demurrers to the replies were overruled. There was a verdict and judgment for appellee.

The errors assigned by appellant are the overruling of its demurrers to the second and third additional paragraphs of complaint, the overruling of its demurrer to plaintiff's affirmative reply to the second paragraph of appellant's answer to the second and third· additional paragraphs of complaint, and the overruling of its motion for a new trial.

Under the view we have taken of the case all the questions embraced within the assignment will be disposed of by our decision of two questions: (1) Can a right by prescription be acquired by adverse user against the fee owner of land impressed with the easement of a suburban public highway, provided the right asserted does not conflict with the lawful rights and usage of the public? (2) Was the cause of action sued on in the second and third paragraphs of complaint the same cause of action sued on in the plaintiff's original complaint, stated in a different legal form?

If the first question be answerable in the affirmative, then the additional paragraphs of complaint were properly held good, and, if good, the sufficiency of the evidence to support the verdict is beyond controversy, and no error was committed in refusing to give appellant's request number four. If the second be answerable in the affirmative, then the replies to the answers setting up the six-year statute of limitations were good, and the six-year limitation properly held to be inapplicable; then it follows that the court committed no error in giving instruction number two relating to that subject, and to that effect, nor in overruling appellant's motion to tax to appellee all the costs made in the case prior to the filing of said two additional paragraphs of complaint.

(1) The law is that the public, in appropriating and possessing lands of an individual for use as a suburban highway, acquires no greater right or interest in

1.     the lands actually occupied than an easement—that is, the right to use the surface of the land in per-

petuity for all legitimate modes and purposes of travel, and
the incidental right of properly putting the way in con-
dition for unobstructed and convenient use—and the fee
in the underlying soil remains in the abutter, or person
over whose land the highway is located.   It is
2.   firmly settled that special proprietary rights in the
soil remain in the owner of the fee distinct from
those of the public, an invasion of which rights will en-
title the servient owner to damages.   The fee owner may,
in the exercise of these rights, and without interference
with public use, throw up levees within the limits of the
highway, higher than the highway embankment, to fight
off flood waters.   *Shelbyville, etc., Turnpike Co.* v. *Green*
(1885), 99 Ind. 205.   He may enjoin the owner of an
easement to overflow his land from cutting ice formed on
the submerged land.   *Brookville, etc., Hydraulic Co.* v.
*Butler* (1883), 91 Ind. 134, 46 Am. Rep. 580.   He
may also lay pipes under ground within the highway
and may require another to answer to him in damages
for doing the same thing.   *Kincaid* v. *Indianapolis Nat.
Gas Co.* (1890), 124 Ind. 577, 8 L. R. A. 602, 19 Am.
St. 113.   He may maintain an action for running a shaft
across a highway under a bridge, and has the exclusive
right to springs, mines, quarries, timber and the like.
Elliott, Roads and Sts. (2d ed.), §§410, 411, and authori-
ties.   In short, the public has the right to pass and repass
on the surface without hindrance or interference, and to
work and keep the way in condition for easy and convenient
travel, but in all other respects the soil and all rights in-
cidental thereto belong absolutely to the owner of the fee,
and may be exercised by him, provided, in so doing, he
does not interfere with the rights of the public to travel
the same.   *Kincaid* v. *Indianapolis Nat. Gas Co., supra,*
and cases cited.

"Subject only to the public easement, the proprietor
has all the usual rights and remedies of the owner of a free-

hold. He may sink a drain below the surface of the road, if proper care be taken to cover it so that it shall remain safe and convenient. He may carry water in pipes under the way, and he may mine under it." Elliott, Roads and Sts. (2d ed.), §690, and authorities cited in note.

The rule is well stated in *Perley* v. *Chandler* (1810), 6 Mass. *453, *456, 4 Am. Dec. 159, as follows: "By the location of a way over the land of any person, the public have acquired an easement, which the owner of the land can not lawfully extinguish or unreasonably interrupt. But the soil and freehold remain in the owner, although encumbered with a way. And every use to which the land may be applied, and all the profits which may be derived from it, consistently with the continuance of the easement, the owner can lawfully claim. He may maintain ejectment for the land thus encumbered; and if the way be discontinued, he shall hold the land free from the encumbrance. Upon these principles, there can be no doubt but that the owner of the land can sink a drain, or any watercourse, below the surface of his land covered with a way, so as not to deprive the public of their easement."

We have seen that at the time of the commencement of this action the fee of the land at Twin lakes crossing was in Elizabeth Witwer, and had been in her and her 3. grantors for forty years, and long before the raising of the dam and the raising and ponding back of the water over her land through Twin lakes thoroughfare into Meyers lake, an obstruction of which privilege, not by Mrs. Witwer, the owner, but by appellant, forms the basis of this action. It should be borne in mind that the right claimed and exercised by appellee, namely, the right, by means of a dam on his own land, to hold the water back over and through the thoroughfare into Meyers lake, and draw it out as needed in the operation of his mill through a culvert maintained by himself under a highway, was not a highway right, nor a right that was inconsistent

with the fullest and broadest use of the public, nor in any sense opposed to the public enjoyment of the road, but was clearly one of the proprietary rights of the owner of the fee. There can be no doubt but that the owner of the Witwer land could have lawfully maintained culverts under the surface of the highway to enable the water to escape from Meyers lake into Cook, or even to enable him to conduct the waters of Meyers lake to his mill on the other side of the highway, provided, in the doing he subjected the public to no inconvenience or expense. If, as proprietor, he had such right, he could convey it to another; and if he could convey it he could also lose it by adverse user.

It will not be doubted that a prescriptive right, or easement, against the owner of the fee to set water back over the lands of another, by means of a dam, and to draw it out as needed by the mill owner, may be acquired by an uninterrupted and adverse possession of twenty years. After such claim and holding, a grant is conclusively presumed. *Postlethwaite* v. *Payne* (1856), 8 Ind. 104; *Snowden* v. *Wilas* (1862), 19 Ind. 10, 81 Am. Dec. 370; Jones, Easements, p. 642; Gould, Waters (2d ed.), p. 611; 2 Farnham, Water and Water Rights, p. 1796; Angell, Watercourses (7th ed.), p. 543. We therefore hold that a right by prescription to conduct water through a culvert under the surface of a highway, when so maintained as to impose no hindrance, inconvenience or expense upon the public, may be acquired against the owner of the fee of the land underlying the highway by twenty years' adverse and uninterrupted user.

But it is insisted by appellant's counsel that the Appellate Court has, in the appeals to that court, twice decided this question in the negative, and that it is therefore *res judicata,* so far as this particular case is concerned. We are unable so to understand the rulings of the Appellate Court. The original complaint is set out in the opinion in the first appeal. *Terre Haute,*

*etc., R. Co.* v. *Zehner* (1896), 15 Ind. App. 273. It shows unmistakably, as is admitted by appellant's counsel, that the plaintiff based his action on the violation of a prescriptive right he had acquired to draw water through a culvert placed in a public highway, which culvert, as claimed, the appellant wrongfully destroyed. Referring to the complaint, the court says, at page 280: "After a full consideration, we have concluded that the complaint is sufficient on demurrer. The general allegations as to appellee's title by prescription are, perhaps, sufficiently broad to admit of proof of appellee's rights acquired in that manner." The last clause of the quotation clearly indicates that there was no doubt in the minds of the court that appellee, under sufficient allegations and proof, might establish a right by prescription of the character declared on. Appellee claimed an infringment of no other right. Destruction of the culvert under the highway and its consequences are the only grievances complained of, and we perceive no possible ground for upholding the complaint if the plaintiff had no legal right to conduct water through it.

The court having disposed of the demurrer to the complaint, announces, on page 280, that it will proceed to determine what it regards as the "vital question in the case." That question is the sufficiency of the evidence to prove the complaint. Having discussed the evidence adduced in support of the complaint, the opinion concludes as follows: "As we view the matter, the appellee has not shown any right of action by his evidence, and the court erred in overruling the motion for a new trial."

In the second appeal (*Terre Haute, etc., R. Co.* v. *Zehner* [1902], 28 Ind. App. 229) it was said: "This substituted amended complaint [upon which the second trial was had] is an exact copy of the complaint set forth in the former opinion of the Appellate Court," except a few unimportant amendments, and "we think this court

decided every question involved in the present appeal in *Terre Haute, etc., R. Co.* v. *Zehner* [1896], 15 Ind. App. 273. It was there said: 'Before the appellee can recover damages of the appellant, he must make it appear: (1) That he is entitled to use the water on the east side of the embankment; (2) that he has a right to draw the water through a culvert in the embankment; (3) that appellant has deprived the appellee of the enjoyment of such right in whole or in part.' * * * The first and third propositions, which this court said upon the former appeal the appellee must establish, are established by the evidence. The second proposition held to be equally vital to the appellee's recovery has not, under the allegations of the appellee's complaint, been established. Under the complaint appellee's right to take water through the culvert constructed by him is based exclusively upon a prescriptive right. * * * Referring to the culvert constructed by the appellee the obstruction of which is the basis of the appellee's claim for damage, his complaint says: 'And that plaintiff asserted and maintained said culvert at the depth to which it was originally constructed by him, as aforesaid, under claim of right, adversely, openly, notoriously, continuously, and uninterruptedly for more than twenty years prior to October —, 1890, when it was filled up and obstructed by the defendant company as herein set forth.' Without the above allegations, the complaint would have been bad." The opinion then goes on to show that the evidence and answers to interrogatories conclusively showed that the culvert was not built until 1875, and in no event used by appellee more than fifteen years prior to the destruction by appellant in 1890. For this failure of proof alone the cause was reversed for a new trial. As we view the appeals to the Appellate Court, the only things adjudicated by it were: (1) That the complaint charging an invasion of a prescriptive right to draw water from one lake to another

through a culvert placed under and through a highway, was good; and (2) that the proof offered on each of the trials was insufficient to sustain the complaint.

The most that can be reasonably claimed is, that the court in the first opinion, at page 283, intimated, at least, that appellee could not assert a prescriptive right

6.   against the highway authorities, because the evidence did not show he had exercised the right to take water through the culvert under the highway adversely to the public.   There is no doubt of this being a right declaration of the law, and its affirmance by the Appellate Court may be conceded, but, even then, we are far from an adjudication of the question under consideration.   The question before us, and which has been an important question in the case from the beginning, and never determined, is, has appellee shown and established a user against the owner of the fee at the *locus in quo* which has been adverse and uninterrupted for more than twenty years?   This question we now decide in the affirmative.

(2)   Was the cause of action sued on in the second and third paragraphs of complaint, which were filed as additional paragraphs of amended complaint in 1902,

7.   the same cause of action sued on in appellee's original complaint filed in 1891?   It is said in *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221, by Mitchell, J.: "An amended complaint has relation, ordinarily, to the date of the commencement of the action, and is regarded as a matter occurring in the continuation or progress of the original cause.   Unless, therefore, some new claim or title, not previously asserted, is set up by way of amendment, a plea of the statute of limitations will be determined with reference to the date when the action was originally commenced."   Citing Indiana cases.   See, also, *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61; *Peerless Stone Co.* v. *Wray* (1898), 152 Ind. 27; *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108.

As we have heretofore seen, the additional paragraphs of complaint, filed eleven years after the first, are in all material respects the same as the first. They con-tain all that is contained in the first, and, in ad-dition thereto, a few unimportant averments, such as the name of the owner of the fee of Twin Lakes cross-ing (being the place in controversy), the true date when appellee built the culvert in the highway (1868), the value of the flooded lands of others before and after being sub-merged, and perhaps a few other particulars, to meet the criticisms and suggestions of the Appellate Court. The paragraphs of complaint are all founded on the same wrong (the destruction of the culverts), plead the same substan-tial facts in different form, and there can not be the slightest doubt but that a recovery on either paragraph would be a bar to a recovery on either of the others. This should be taken as a fair test. Baylies, Code Pleading, p. 323, quoted with approval in *Blake* v. *Minkner* (1894), 136 Ind. 418, 426.

It follows that the additional paragraphs of complaint must be regarded as filed at the date of the commencement of the action in 1891, within one year after the filling up of the culverts, in determining the effect of a limitation statute; and this results in our hold-ing that the court did not err in overruling the demurrer to appellee's reply to the six-year statute of limitation, nor in giving to the jury instruction number two, nor in over-ruling appellant's motion to retax costs.

The verdict is sustained by sufficient evidence, and is not contrary to law. The matters in respect to which the evidence failed in the two former appeals have been abund-antly supplied in this.

We find no error. Judgment affirmed.