## Board of Commissioners of the County of Sullivan *v.* Riggs.

[No. 9,303.    Filed October 2, 1917.    Rehearing denied December 4, 1917.    Transfer denied June 28, 1918.]

1. PLEADING. — *Demurrer.* — *Memorandum.* — *Statute.*—*Scope.* — Where an action was commenced prior to the act of 1911, Acts 1911 p. 415, §344 Burns 1914, requiring a memorandum to be filed with a demurrer for insufficiency of facts, but excepting pending litigation, and was reversed on appeal and remanded to the court below subsequently to the enactment of such statute, the plaintiff's demurrers to paragraphs of answer came within the exception contained in the act and it was not necessary that they be accompanied by memoranda even though the original pleadings were amended and additional pleadings filed, where such pleadings did not in any manner change the nature and character of the original action.    p. 266.

2. APPEAL.—*Review.*—*Rulings on Demurrers.*—*Scope of Review.*— The ruling of the trial court sustaining demurrers to paragraphs

of answer for want of facts will be sustained on appeal if the answers are insufficient for any reason. p. 267.

3. APPEAL.—*Review.*—*Rulings on Demurrers.*—*When Reversible Error.*—Where plaintiff sold the minerals under his land, but the auditor refused to reduce the valuation thereof for taxation, in an action to recover excess taxes paid, paragraphs of answers alleging that the original valuation was the true cash value of the land, exclusive of coal or other minerals, presented a good defense not provable under defendant's general denial, and the sustaining of demurrers to the answers was reversible error. p. 267.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by James R. Riggs against the board of commissioners of the county of Sullivan, on a claim rejected by the board. From a judgment for plaintiff the defendant appeals. *Reversed*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.

*Harris & Bedwell, William T. Douthitt, John W. Lindley* and *M. A. Haddon,* for appellee.

IBACH, P. J.—This case has heretofore received the consideration of this and the Supreme Court. *Riggs* v. *Board, etc.* (1914), 181 Ind. 172, 103 N. E. 1075. After the reversal the case was returned to the Sullivan Circuit Court, where appellee filed an amended complaint which is not materially different from the original complaint. To this amended complaint appellant filed an answer in general denial, also two affirmative answers, after which appellee filed a fourth paragraph of complaint, to which appellant filed an answer of three paragraphs, and afterwards a fourth and fifth paragraph of answer to the amended and the additional fourth paragraph of complaint.

Appellee's demurrer for want of facts to each and all of such affirmative answers was sustained, to which rulings appellant at the time excepted, and,

refusing to plead further, judgment was rendered for appellee.

Appellant has appealed to this court and assigned as errors the action of the trial court in sustaining appellee's demurrers to each of the affirmative answers.

It is shown by the several paragraphs of complaint that in 1903 appellee was the owner of certain described lands in Sullivan county, Indiana, which in that year were given by the proper taxing officers a taxable valuation of $10,165. In February, 1904, he sold the coal, fire clay and minerals under the surface of such lands for $3,360. These latter properties were by the county auditor placed upon the tax duplicate in the name of such grantees, and were taxed at the same valuation as the consideration paid therefor, and such taxes for the years 1904, 1905 and 1906 were paid by such grantees. The auditor, however, failed to reduce the original assessment against appellee's lands, but required him to pay taxes on the original assessment of $10,165. After such sale the amount of taxes paid by the grantees of the coal and minerals was $129, and to that extent the taxes were wrongfully assessed against him, and it is this amount which he seeks to recover.

It is appellee's theory manifest from the leading averments of his several paragraphs of complaint that the county auditor should have deducted the taxable valuation of the coal and minerals sold by him in 1904 from the original taxable valuation placed upon his farm, and by reason of his failure so to do appellee was wrongfully required to pay taxes on such original valuation for the years 1904, 1905 and 1906, although the taxes levied on such coal and minerals were paid by the purchasers thereof, conse-

quently he was entitled to recover that amount from the county.

The several answers in substance allege that the original taxable valuation placed upon appellee's lands at $10,165 was the fair and true cash value thereof exclusive of any coal or other minerals, and in making such original assessment the assessor did not take into consideration any coal or other minerals under the real estate, but the same were omitted by him when the land was originally assessed. Also the original assessed valuation of appellee's lands was similar to the assessment made against the surface of adjacent real estate in the vicinity of appellee's land of the same character, and the minerals which had been severed in adjacent lands were assessed separate to other parties than the owners of the surface, and the value of the surface of adjacent lands was valued at the same rate as appellee's land at which time there had been no severance of the coal and minerals from appellee's real estate.

It is first insisted that there was error in sustaining the demurrers to the several paragraphs of answers because no memoranda accompanied the demurrers. The record does not support this contention. This action was commenced prior to 1911, and the act upon which appellant relies, which requires a memorandum to be filed with the demurrer specifically excepts pending litigation. Acts 1911 p. 415, §344 Burns 1914; *Bissell Chilled Plow Works* v. *South Bend Mfg. Co.* (1917), 64 Ind. App. 1, 111 N. E. 932. It is true some amendments to the original pleadings were made after the case was remanded to the Sullivan Circuit Court, and additional pleadings were filed, but these did not in any manner change the nature and character of such original ac-

tion.   They did not make a new cause of action. *Terre Haute, etc., R. Co.* v. *Zehner* (1906), 166 Ind. 149, 76 N. E. 169, 3 L. R. A. (N. S.) 277, and cases cited.

In any event the court sustained the several demurrers, and the presumptions in favor of the rulings of the trial court require us to sustain the rulings if we find the answers insufficient for any reason.  *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349, 112 N. E. 561.

Appellee contends that all issuable facts presented by the affirmative paragraphs of answer were provable under the general denial, and therefore any error in sustaining the demurrers to such answers was harmless.  These answers were in the nature of a confession and avoidance, and presented traversable facts not admissible under the general denial to negative proof in denial of the facts stated in the complaint, or to show facts which were inconsistent with the facts alleged in the complaint and which tended to meet and break down or defeat the appellee's cause of action.

It was held in the former appeal that whether or not under the allegations of the pleadings then under consideration the original assessment of the land in 1903 included the minerals—that is, as to whether or not they were included in the assessment—is a traversable fact.  It seems to us that we cannot escape the full force of this holding.  The court has said that whether the coal and minerals under appellee's land were assessed for taxation by the assessor was a traversable fact.  If so, appellant's answers were good, and under them they would have the right to produce all competent parol testimony or other testimony in possession of appellant to show all the facts

pertaining to the original assessment of appellee's land, and that in the assessment thereof the coal and minerals were not assessed.

These several answers seem to have been drawn to meet the several holdings contained in the former opinion bearing on this branch of the case. It was error on the part of the trial court to sustain the demurrers to such answers, thereby preventing appellant from presenting the issues thus tendered.

Appellee further contends that as the coal and minerals were not severed from the land when the assessbent was made in 1903, that such coal and minerals were assessed with the land, and that the addition of any new valuation upon the theory, either of undervaluation in 1903, or as omitted property, is unwarranted, and therefore the answers are insufficient for that reason.

This contention must, we think, be determined separately and distinctively from any defense available to appellee had he still retained the land and the coal, etc., in their unsevered condition as they were in 1903 when the quadrennial assessment of the land was made.

"When an auditor transfers a portion of a tract of land *against which a valuation for taxation has been made,* he must diminish the valuation of the whole by the amount of the valuation which he fixes on the part transferred." (Our italics.) *Riggs* v. *Board, etc., supra.*

The very contention here is that no valuation was placed upon the coal and minerals underlying the land of appellee in the assessment of 1903. If this is true as a matter of fact we see nothing to hinder the auditor under the authority provided in §10310

Burns 1914, Acts 1897 p. 141, from correcting the tax duplicate and adding such property thereto with the proper valuation, and charging such property and the owner thereof with the proper amount of taxes thereon.

The coal underlying this land, after its severance, became property capable of definite ascertainment for the purposes of valuation for taxation, and was properly added as omitted property; but, whether properly added or not by reason of any irregularity, appellee cannot complain, as any irregularity was a matter betwen the taxing power and the new owner of the minerals.

The court erred in sustaining the demurrers to the several answers filed by appellant. Judgment reversed, with instructions to overrule each of said demurrers, and for further proceedings consistent with this opinion.

NOTE.—Reported in 117 N. E. 214.