BOARD OF COMMISSIONERS OF SULLIVAN COUNTY *v.* RIGGS.

[No. 11,146. Filed February 1, 1922. Rehearing denied April 7, 1922. Transfer denied November 23, 1922.]

TAXATION.— *Recovery of Taxes Paid.— Findings.— Evidence.— Sufficiency.*—In an action against a county board of commissioners to recover taxes paid, a finding that the assessor in assessing plaintiff's land for taxation assessed the coal and minerals lying thereunder, which belonged to another, *held* sustained by the evidence.

From Sullivan Circuit Court; *William S. Hoover,* Special Judge.

Action by James R. Riggs against the Board of Commissioners of Sullivan county. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles D. Hunt, James A. Cooper, Jr., Samuel D. Royse, Paul N. Bogart* and *Gilbert W. Gambill,* for appellant.

*Orion B. Harris* and *Charles H. Bedwell,* for appellee.

MCMAHAN, J.—This is the third appeal in this case. For the opinions on the former appeals, see 181 Ind. 172, 103 N. E. 1075; 68 Ind. App. 263, 117 N. E. 214, where the nature of the action fully appears. Following the last appeal the cause was tried by the court.

The facts were found specially, and from a judgment in favor of appellee this appeal is prosecuted. The contention of appellant is that the court erred in overruling its motion for a new trial on the sole ground that the decision is not sustained by sufficient evidence. The only finding assailed is the fourteenth, wherein the court found that the assessor, in assessing appellee's lands for taxation, assessed the same together with the coal and minerals as the property of appellee.

. Appellee on March 1, 1903, was the owner of certain lands in Sullivan county which were in that year regularly assessed for taxation in the name of appellee in the sum of $10,165. In February, 1904, appellee, in consideration of $3,360, sold and by deed conveyed to another the coal, fire clay, and minerals underlying the surface of said lands. When said deed from appellee was presented for the purpose of being recorded, the county auditor placed upon the mineral tax duplicate the name of the purchaser and assessed for taxation for the year 1904 the coal, clay, and minerals underlying said lands at $3,360, but made no reduction in the assessed value of the part of said lands still owned by appellee.

The law of this case was settled on the former appeals. The only question for consideration on this appeal is whether there is any evidence to sustain the finding of the court wherein it is found that the assessor in assessing appellee's land assessed the same together with the coal and minerals as the property of appellee.

While the township assessor testified that in making the assessment of appellee's land, he did not take into consideration any coal or other minerals that might be lying under the surface, he testified as to his manner in assessing lands generally, that this land was assessed in the same manner as other land where the coal and minerals had not been sold, and that in so doing, he

understood that he was assessing the "land from the sky to the center of the earth." The evidence disclosed the presence of coal lands and coal mines near this land. Appellant contended that the assessor in fixing the value of this land for taxation omitted the coal and minerals, and that all the auditor did was to place such coal and minerals on the tax duplicate as omitted property. The court found against appellant on this contention and in our judgment there is evidence justifying the court in so finding.

No other question being presented for our consideration the judgment is affirmed.