BOARD OF COMMISSIONERS OF VIGO COUNTY *v.* HALE.

[No. 11,903. Filed November 14, 1924. Rehearing denied February 24, 1925. Transfer denied February 16, 1926.]

1. TAXATION.—*Mining rights in land are subject to horizontal severance, and are taxable as real estate.*—Mining rights in land are subject to horizontal severance, and are taxable as real estate, but it is only where there is separate ownership thereof that the law requires a separate assessment of such rights. p. 186.

2. TAXATION.—*When tract of land is divided, by sale or otherwise, the county auditor should transfer the valuation of the*

*part severed to the last appraisement list, and diminish the assessed valuation of the whole by the amount of the valuation fixed on the part transferred.*—Under §37 of the Tax Act of 1919 (Acts 1919 p. 198, §14076 Burns 1926), providing that whenever a tract of land is divided, by sale or otherwise, the county auditor shall transfer the same on the last appraisement list and apportion the valuation thereof to the several owners, the county auditor must diminish the assessed valuation of the whole by the amount of the valuation fixed on the part transferred.    p. 186.

3.    TAXATION.—*Averments in complaint for refund of tax wrongfully assessed and paid held to show that plaintiff's land, including the mineral rights therein, had been assessed for taxation.*—In an action by the owner of land for a refund of taxes on the ground that, after his land had been assessed, he had sold and conveyed the mineral rights therein to another, averments in the complaint that, at the time of the· last assessment of real estate for taxation, the plaintiff was the owner of said land, and that it "was duly assessed for taxation," sufficiently showed, as against a demurrer, that the land, including the mineral rights therein, was assessed for taxation.    p. 187.

4.    PLEADING.—*Defendant desiring more definite ·averments in complaint should file a motion to have the complaint made more specific in specified particulars.*—A defendant desiring more definite averments in a complaint should file a motion to have the complaint made more specific in specified particulars.    p. 187.

From Vigo Superior Court; *John E. Cox,* Judge.

Action by Frank R. Hale against the Board of Commissioners of Vigo county for refund of taxes wrongfully assessed and paid. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the first division.

*John F. O'Brien* and *Willis C. Nusbaum,* for appellant.

*McNutt, Wallace, Harris & Randel,* for appellee.

REMY, J.—This suit was commenced by appellee filing before the board of commissioners of Vigo county a claim for the refund of taxes alleged to have been wrongfully assessed and collected.    The suit is pursuant

to §14376 Burns 1926. The claim was disallowed, and from the order of disallowance, an appeal was taken to the Vigo Superior Court, where claimant, appellee herein, filed a formal complaint. To the complaint appellant filed a demurrer for want of sufficient facts, which was overruled. Appellant, electing to abide the ruling on the demurrer, refused to plead further, and the court rendered judgment ordering a refund of the taxes, from which judgment this appeal is prosecuted. The action of the court in overruling the demurrer is assigned as error.

The material averments of the complaint are, in substance, that on March 1, 1919, appellee was the owner in fee simple of a certain tract of land in Vigo county, which on that day was "duly assessed for taxation at the sum of $13,400," it being "the quadrennial assessment for the years 1919, 1920, 1921 and 1922"; that the "assessment was duly placed upon the tax duplicate" by the county auditor, and placed in the hands of the treasurer of Vigo county for collection; that on September 28, 1919, appellee sold, and by warranty deed conveyed to the Vigo American Clay Company, "the coal, clay and minerals underlying the surface" of the tract of land so assessed for taxation; that the portion of the tract of land so sold and conveyed was at once by the county auditor transferred and placed upon the tax duplicate of Vigo county in the name of the Vigo American Clay Company, "at a valuation of $7,640, and the said sum was and remained the assessed value thereof for the years 1920, 1921 and 1922, in the name of said clay company for said years, and the taxes for the years 1920 and 1921 were duly paid by said clay company for said years * * * in the total sum of $337.68"; that after the conveyance to the clay company, the county auditor for each of the years 1920 and 1921, as was his duty, failed and neglected "to de-

duct the assessed valuation of said real estate so assessed to this plaintiff, to wit, the sum of $13,400 so made and had in the year 1919, the said valuation so placed on said minerals when the same were transferred to the tax duplicate in the name of the clay company, but that the assessment of $13,400 was carried on the duplicate against this plaintiff for the years 1920 and 1921, and the taxes were paid by this plaintiff for each of those years," in the total sum of $337.68; that no improvements were made on the lands within the years 1920 and 1921, and no assessment was made for improvements; that the valuation for assessment to the amount of $7,640 for each of the years 1920 and 1921 was wrongful, and the taxes assessed were by the county treasurer wrongfully collected.

It is appellant's contention that the complaint contains no averment that, when the land was assessed on March 1, 1919, the underlying coal and minerals were taken into consideration, and is, therefore, insufficient as against a demurrer for want of sufficient facts. We cannot concur in this view.

The law is well established that the mining rights in land are the subject of horizontal severance, and are taxable as real estate. *Board, etc.,* v. *Lattas Creek Coal Co.* (1913), 179 Ind. 212, 100 N. E. 561. However, it is only where there is separate ownership of the mining rights that the law requires a separate assessment of such rights. §142 of Tax Act of 1919, Acts 1919 p. 198, §14181 Burns 1926. It is also the law in this state, as provided by statute (§37 of the Tax Act of 1919, Acts 1919 p. 198, §14076 Burns 1926) that, "Whenever a division or partition has been made, or other changes take place in the ownership of any tract or lot of land, or any part thereof, by conveyance, sale, devise or descent, the county auditor on being satisfied thereof, shall transfer the same on the last

appraisement list, and apportion the same, and the valuation thereof, with all delinquent taxes, to the several owners."

When, pursuant to this statute, a county auditor transfers a portion of a tract of land against which a valuation for taxation has been made, it is his duty to diminish the assessed valuation of the whole by the amount of the valuation which he fixes on the amount transferred. *Riggs* v. *Board, etc.* (1914), 181 Ind. 172, 103 N. E. 1075.

It is averred in the complaint: that on March 1, 1919, appellee was the owner in fee simple of the real estate in question; that on that day the real estate "was duly assessed for taxation at the sum of $13,400"; that the assessment was "duly placed upon the tax duplicate by the county auditor for the years 1919, 1920, 1921 and 1922"; and that in September next following the assessment, the mineral rights were sold and conveyed by appellee. From these averments in the complaint, it sufficiently appears that at the time the assessment was made, appellee was the owner of all the real estate, including the mineral rights, and that all was assessed for taxation. If more definite averments were desired by appellant, a motion to require plaintiff to make his complaint more specific should have been filed. Or, if facts existed which would avoid the facts averred, such facts should have been pleaded as a defense. See *Board, etc.,* v. *Riggs* (1917), 68 Ind. App. 263, 117 N. E. 214; *Board, etc.,* v. *Riggs* (1922), 79 Ind. App. 69, 133 N. E. 882.

Appellant, in referring to the Riggs cases which we cite, says that "in several respects they are illy considered and erroneous." We do not concur in this view. The opinions in those cases correctly state the law.

Affirmed.

Dausman, J., dissents.