STATE EX REL. MAVITY *v.* TYNDALL ET AL.

[No. 28,287. Filed October 10, 1947. Rehearing Denied November 12, 1947.]

*Earl J. Wynn* and *C. James McLemore,* both of Indianapolis, for appellant.

*Arch Bobbitt,* Corporation Counsel, and *Henry B. Krug,* City Attorney of Indianapolis, for appellees.

GILKISON, J.—This is a second appeal. The former, in which the lower court was reversed, is reported in 224 Ind. 364, 66 N. E. (2d) 755. After the reversal plaintiff filed an amended complaint and later filed a second amended complaint. To the latter the court sustained a joint and several demurrer and the plaintiff refusing to plead over, judgment was rendered against him. The appeal is from this judgment.

The second amended complaint contains substantially the same averments as the complaint in the former appeal except in the former appeal there was an averment in the complaint that plaintiff's photograph with

number across the breast thereof, his finger prints etc. were put or intended to be put in a "rogue's gallery" which it was averred the Indianapolis Police Department maintained. This averment is omitted from the complaint now before us. Since in the former appeal the cause was reversed solely because of the presence of this averment in the complaint, it appears that many of the questions attempted to be raised are *res adjudicata*, and that the one proposition upon which the reversal was based has been purposely abandoned by appellant.

The rule is quite general "that when a case has been once taken to an appellate court, and its judgment obtained on points of law involved, such judgment, however erroneous, becomes the law of the case, and can not on a second appeal be altered or changed." *Dodge* v. *Gaylord* (1876), 53 Ind. 365, 372, 373; *Cohoon* v. *Fisher* (1896), 146 Ind. 583, 585, 586, 44 N. E. 664, 45 N. E. 787; *Rooker* v. *Fidelity Trust Co.* (1931), 202 Ind. 641, 653, 177 N. E. 454; *Terre Haute & I. R. Co.* v. *Zerner* (1902), 28 Ind. App. 229, 231, 62 N. E. 508; *Mertz, Admr.* v. *Wallace* (1929), 93 Ind. App. 289, 299, 169 N. E. 333.

The opinion in the former appeal is an exhaustive discussion of the law on the questions then before the court and we adopt it as the "law of the case" on the same matters presented by this appeal, binding alike on the parties and the court. *Cohoon* v. *Fisher, supra.*

In the second amended complaint there is an averment that the Acts of 1945, page 1622 *et seq.*, § 47-846 *et seq.*, Burns' 1940 Replacement (Supp.), and particularly § 47-857 *et seq.* under which it is alleged defendants purport to hold plaintiff's photographs, finger prints, etc. is unconstitutional in

that it is in violation of the fourteenth amendment of the Constitution of the United States and of Art. 1, §§ 1 and 21 of the Indiana Constitution. That part of the fourteenth amendment with which it is contended this statute conflicts is as follows: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Appellant has presented neither reasons or authorities indicating that the statute complained of in any way attempts to abridge the privileges or immunities of citizens and we know of none. There is nothing in this statute conflicting with "due process" or "equal protection of the laws" as provided for by the Fourteenth Amendment.

Art. 1, § 1 of the Indiana Constitution contains nothing that the statute complained of could conflict with. Among other things it provides: "that all power is inherent in the People; and that all free governments are, and of right ought to be, founded on their authority, and instituted for their peace, safety and well-being . . . ."

Art. 1, § 21 provides: "No man's particular service shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered." It has been said that it is a duty of the courts to uphold the acts of the legislature if it can possibly be done, without doing violence to the constitution, and in doing so, every reasonable presumption must be indulged in favor of the legality of the act. *Morgan v. State* (1913), 179 Ind. 300, 303, 101 N. E. 6. Granting

that the citizen has a property right in his finger prints, and picture and that he has a right to privacy and protection as guaranteed him by the constitutional provision quoted, these rights must be made to harmonize with the rights of the people collectively to life, liberty, safety and the pursuit of happiness likewise guaranteed by the constitution. Between these rights there is sometimes an apparent conflict. It is a duty of government in so far as possible to avoid this conflict and to provide a way of life and safety that will protect both rights. In the accomplishment of this end it is possible that each may have to yield to some extent. The general assembly has a duty to enact laws providing for the general welfare and safety of the people within the state, and such laws, if reasonable, will not be in conflict with guaranteed rights of the individual. Property or property rights may not be taken or destroyed under the guise of the police power or of a police regulation, unless the taking or destruction has a just relation to the protection of the public health, welfare, morals or safety. Unless it affirmatively appears by the act, or the history of its enactment that it has no such just relation, the police power extends even to the taking and destruction of property. It will be presumed that the act is reasonable, unless the contrary appears from facts of which the courts will take notice. *Pittsburgh, etc. R. Co.* v. *State* (1913), 180 Ind. 245, 250, 251, 102 N. E. 25; *State* v. *Barrett* (1909), 172 Ind. 169, 178, 179, 180, 181, 87 N. E. 7.

The legislative power to protect the citizens in their health and safety is a very high power, but one justly exercisable and one which the legislature cannot alienate. *Cleveland, Cincinnati, Columbus and Indianapolis Ry. Co.* v. *Harrington* (1892), 131 Ind. 426, 436, 30 N. E. 37.

The legislature has the right to learn for itself the reasons which impel it to act. A very large measure of authority is vested in the legislature upon that subject, and unless we can say that the act is unreasonable, we are not authorized to overthrow it. *State* v. *Barrett* (1909), 172 Ind. 169, 179, 87 N. E. 7; *Parks* v. *State* (1902), 159 Ind. 211, 217 to 223, 64 N. E. 862.

The extent to which the individual right may be subordinated to the public weal cannot be fully defined. It seems to be a matter that necessarily grows as our society grows and becomes more and more complex. The matter of the legislative element of sovereignty as opposed to individual liberty, in the absence of other constitutional restrictions must be left to the gradual process of judicial inclusion and exclusion as the cases presented for decision require. *Parks* v. *State, supra; Davidson* v. *Board of Admrs. of New Orleans* (1878), 96 U. S. 97, 100, 107, 24 L. Ed. 616, 620.

*"Salus populi est suprema lex"* is an ancient legal maxim. It applies with salutary effect to the situation here presented. With full recognition of the rights of the citizen we must nevertheless hold that the safety of the people is the first law and this law must prevail even as against some of the apparent rights of privacy. See *Chicago etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, 143, 105 N. E. 49, and *Hagenback etc., Show Co.* v. *Randall* (1920), 75 Ind. App. 417, 126 N. E. 501.

Under the police power possessed by every state as a sovereign, the general assembly was within its rights in enacting the several sections of the questioned statute. In so doing it exercised that full final power involved in the administration of the law as the means to the attainment of practical justice upon

which the very existence of government depends, as well as the security of the social order, the life and health of the citizen, the enjoyment of private and social life, and the beneficial use of property. 11 Am. Jur. §§ 245, 246, 247 *Constitutional Law*, pp. 966 to 974. We find nothing in the act complained of that places an unreasonable restraint upon the right of the individual as guaranteed by the Federal and State Constitutions. It is, therefore, not vulnerable to this attack.

Finding no error the judgment is affirmed.

NOTE.—Reported in 74 N. E. (2d) 914.