SODERLING *v.* STANDARD OIL COMPANY.

[No. 28,721. Filed December 8, 1950.]

*Winfield K. Denton,* of Evansville, and *McDonald &
McDonald,* of Princeton, for appellant.

*Hatfield, Fine, Hatfield & Sparrenberger;* and *Edward E. Meyer* (of counsel), both of Evansville; and
*Richard P. Tinkham,* of Hammond, for appellee.

GILKISON, J.—By his seventh paragraph of amended
complaint, appellant sought to recover damages from
appellee for personal injuries alleged to have been
received by appellant as a result of the negligence of
appellee on May 17, 1938. The case was put at issue
and tried in the Warrick Circuit Court, resulting in a
verdict and judgment for the present appellant. From
this judgment the present appellee appealed to the
Appellate Court, where the judgment was reversed on
June 16, 1942, with instructions to sustain the present
appellee's motion for new trial and further proceedings
agreeable with the opinion. Thereafter the present appellant's motion for rehearing was denied by the Appellate Court and his motion to transfer the cause to
the Supreme Court was also denied. See *Standard Oil
Company v. Soderling* (1942), 112 Ind. App. 437, 42
N. E. 2d 373. Thereafter, the regular Judge of the
Warrick Circuit Court disqualified himself because he
had been of counsel for plaintiff-appellant, and a special
judge was selected to try the cause, who duly qualified
as such.

At the September term of the court on October 13,
1949, plaintiff-appellant filed his statement in the cause,
which omitting caption and signature, is as follows:

"The plaintiff in the above entitled cause shows to the court that on a new trial of said cause, if had, pursuant to the mandate of the Supreme Court of Indiana on the appeal of the Standard Oil Company, from the judgment heretofore rendered in this court in said cause on the issues formed by the seventh paragraph of plaintiff's amended complaint and the defendant's answer thereto, he cannot produce any other or different evidence than that introduced in support of said issues on said former trial in which said judgment of the Warrick Circuit Court, so reversed by the Appellate Court of Indiana, was rendered."

Thereupon and on the same date the court made its record, finding and judgment, which, omitting caption, is as follows:

"Comes now the Honorable Eldo W. Wood, heretofore duly appointed, qualified and acting special judge in the above entitled cause and assumes the bench and the following proceedings are had in said cause:—

"Come again the parties, and pursuant to the mandate of the Appellate Court of Indiana, in its opinion reversing the judgment of this court heretofore spread of record in this cause, the court now sustains the motion of the defendant Standard Oil Company for a new trial thereof; and now this cause being assigned for trial on this day the plaintiff files in open court his statement in writing that on a new trial of said cause he cannot produce any other or different evidence than was introduced in support of his cause of action stated in his seventh paragraph of amended complaint herein on the former trial, and which evidence was held insufficient in the opinion of the Appellate Court of Indiana reversing the former judgment of the Warrick Circuit Court in this cause.

"And now the parties in open court waive the right to question on appeal the authority of this court to

render a judgment based on the opinion of the Appellate Court of Indiana and said statement of the plaintiff.

"And now the court finds, solely on the basis of plaintiff's said statement and said opinion of the Appellate Court handed down in this cause, that the plaintiff is not entitled to recover in this action, to which ruling of the court the plaintiff Peter Soderling at the time excepts.

"It is, therefore, considered and adjudged by the court that the plaintiff, Peter A. Soderling, take nothing by his action herein and that the defendant, Standard Oil Company, recover its costs herein paid, laid out and expended, to which the plaintiff at the time objected and excepted.

Eldo W. Wood,<br>Special Judge."

From this judgment the appeal is taken.

By his several assignments of error, appellant seeks a review of the Appellate Court's opinion reversing the first judgment in this cause rendered in the Warrick Circuit Court. By his petition to transfer the cause after that opinion, and its denial on December 3rd, 1943, appellant has had such review of that opinion as is provided by the laws of the State. Clause second, Sec. 4-215, Burns' 1946 Replacement; Rule 2-23, Rules of Supreme Court; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 179, 13 N. E. 2d 708, 14 N. E. 2d 537. He is not entitled to another review of that opinion by this court. We think it is beyond controversy that questions decided upon an appeal become the law of the case in all subsequent stages of the cause. When a judgment has been reversed by this court, and an appeal is again brought in the same action, no question that was before the

court and decided in the former appeal can be again reviewed and decided. *Gerber* v. *Friday et al.* (1882), 87 Ind. 366, 368; *Dodge* v. *Gaylord et al.* (1876), 53 Ind. 365. In the latter case as in the case at bar, there had been a jury trial and a verdict and judgment in favor of plaintiff from which an appeal was prosecuted, the judgment was reversed and the cause was remanded for new trial. It was submitted to the jury on the second trial upon identically the same facts as at the first trial. The court peremptorily instructed the jury to return a verdict for defendant and the jury so found and the court rendered judgment accordingly. From the latter judgment an appeal was taken. In deciding the appeal this court, among other things, said:

> "It was the solemn and imperative duty of the court below to carry out the decision and instructions of this court. . . . if such cause be submitted to the court or jury for a retrial upon the same identical facts upon which the decision was rendered, such decision remains the law of the case and the trial court must apply the law as laid down by the Appellate Court to the facts submitted to the jury."

This law is quite controlling in the instant case, and effectively bars a reconsideration of the Appellate Court decision in *Standard Oil Co.* v. *Soderling* (1942), 112 Ind. App. 437, *supra*. See *Smith* v. *State ex rel.* (1907), 169 Ind. 260, 262, 82 N. E. 450; *State ex rel. Mavity* v. *Tyndall* (1947), 225 Ind. 360, 363, 74 N. E. 2d 914, and cases there cited.

The trial court was right in obeying the mandate of the Appellate Court to sustain the "motion for new trial, and for further proceedings consistent with" the opinion. Since the cause was submitted by the parties on precisely the same

evidence as presented in the first trial, the trial court was quite right in rendering a judgment for the defendant. *Dodge* v. *Gaylord et al.* (1876), 53 Ind. 365, 367, 368, *supra; Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 603, 103 N. E. 652; *Union Trust Co., etc.* v. *Curtis* (1917), 186 Ind. 516, 524, 116 N. E. 916; *State ex rel. Mavity* v. *Tyndall* (1947), 225 Ind. 360, 363, *supra.*

In oral argument before us, appellee insisted that the trial court should have dismissed appellant's case instead of rendering a judgment for appellee. The right of a court to dismiss an action in Indiana is limited by Sec. 2-901, Burns' 1946 Replacement. Courts may dismiss actions: (1) ". . . where the plaintiff fails to appear on trial." (2) ". . . on the refusal to make the necessary parties, after having been ordered by the court." (3) ". . . on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence." (4) ". . . for disobedience by the plaintiff of an order concerning the proceedings in the action." "In all other cases, upon the trial, the decision must be upon the merits." Certainly there is nothing in this statute authorizing the trial court in this case to dismiss the action. The only inherent power of dismissal possessed by the trial court is to dismiss an action of which it has no jurisdiction. There is no question concerning the trial court's jurisdiction of this action. See *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181. Appellee made no objection in the trial court to the judgment rendered in its favor. It made no motion to modify the judgment in the trial court and has assigned no cross-errors. On the contrary it waived of record the right to question on appeal the authority of the trial court to render a judgment based on the opinion of the Appellate Court of

Indiana on the written statement of the plaintiff. Under such conditions it can raise no question concerning the judgment in this court. Moreover if it had properly raised the question in the trial court and in this court it would be effectively bound, as we are, by the mandate of the Appellate Court in the former appeal.

Finding no error in the record the judgment of the trial court is affirmed.

NOTE.—Reported in 95 N. E. 2d 298.